## JAFFREE ET AL. v. BOARD OF SCHOOL COMMISSIONERS OF MOBILE COUNTY ET AL.

No. A-663.   Decided February 11, 1983

JUSTICE POWELL, Circuit Justice.

This is an application for a stay of the judgment of the United States District Court for the Southern District of Alabama pending an appeal to the United States Court of Appeals for the Eleventh Circuit.   Applicant Ishmael Jaffree is the father of minor applicants Jamael Aakki Jaffree, Makeba Green, and Chioke Saleem Jaffree, three students in the Mobile County, Alabama, public schools.   Respondents are various school and state officials.   The application was filed here on Feburary 2.   In my capacity as Circuit Justice, I entered an order staying the judgment of the District Court until respondents were afforded an opportunity to respond.   Their responses are now in hand, and I have considered the merits of the application for a stay.

The situation, quite briefly, is as follows: Beginning in the fall of 1981, teachers in the minor applicants' schools conducted prayers in their regular classes, including group recitations of the Lord's Prayer.   At the time, an Alabama statute provided for a one-minute period of silence "for

meditation or voluntary prayer" at the commencement of each day's classes in the public elementary schools. Ala. Code § 16–1–20.1 (Supp. 1982). In 1982, Alabama enacted a statute permitting public school teachers to lead their classes in prayer. 1982 Ala. Acts 735.

Applicants, objecting to prayer in the public schools, filed suit to enjoin the activities. They later amended their complaint to challenge the applicable state statutes. After a hearing, the District Court granted a preliminary injunction. *Jaffree* v. *James*, 544 F. Supp. 727 (1982). It recognized that it was bound by the decisions of this Court, *id.*, at 731, and that under those decisions it was "obligated to enjoin the enforcement" of the statutes, *id.*, at 733.

In its subsequent decision on the merits, however, the District Court reached a different conclusion. *Jaffree* v. *Board of School Commissioners of Mobile County*, 554 F. Supp. 1104 (1983). It again recognized that the prayers at issue, given in public school classes and led by teachers, were violative of the Establishment Clause of the First Amendment as that Clause has been construed by this Court. The District Court nevertheless ruled "that the United States Supreme Court has erred." *Id.*, at 1128. It therefore dismissed the complaint and dissolved the injunction.

There can be little doubt that the District Court was correct in finding that conducting prayers as part of a school program is unconstitutional under this Court's decisions. In *Engel* v. *Vitale*, 370 U. S. 421 (1962), the Court held that the Establishment Clause of the First Amendment, made applicable to the States by the Fourteenth Amendment, prohibits a State from authorizing prayer in the public schools. The following Term, in *Murray* v. *Curlett*, decided with *Abington School District* v. *Schempp*, 374 U. S. 203 (1963), the Court explicitly invalidated a school district's rule providing for the reading of the Lord's Prayer as part of a school's opening exercises, despite the fact that participation in those exercises was voluntary.

Unless and until this Court reconsiders the foregoing decisions, they appear to control this case. In my view, the District Court was obligated to follow them. Similarly, my own authority as Circuit Justice is limited by controlling decisions of the full Court. Accordingly, I am compelled to grant the requested stay.

*It is so ordered.*