994 F.2d 682
 61 USLW 2735, 28 Collier Bankr.Cas.2d 1385,
Bankr. L. Rep. P 75,294
 In re SOFTWAIRE CENTRE INTERNATIONAL, INC., Debtor.
UPGRADE CORPORATION, aka Softwaire Centre International,
Inc., Plaintiff-Appellant,
v.
GOVERNMENT TECHNOLOGY SERVICES, INC., Defendant-Appellee.
 Nos. 91-55591, 91-56109.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 4, 1993.
Decided May 28, 1993.
As Amended on Denial of Rehearing
and Rehearing En Banc
Sept. 15, 1993.
 
 ORDER
 This court's opinion, filed May 28, 1993, is amended as follows.
 The following footnote shall be added to the last sentence of the first full paragraph on page 5390 of the Slip Opinion. Footnote 2:
 With the above amendment, the panel, as constituted above, has voted unanimously to deny the petition for rehearing. Judges Canby and Norris have voted to reject the suggestion for a rehearing en banc, and Judge Boochever has recommended the same.
 The full court has been advised of the suggestion for en banc rehearing and no judge of the court has requested a vote on the suggestion for rehearing en banc. Fed.R.App.P. 35(b).
 The petition for rehearing is DENIED, and the suggestion for a rehearing en banc is REJECTED.
 Steven E. Smith, Danning, Gill, Gould, Joseph & Diamond, Los Angeles, CA, for plaintiff-appellant.
 Daniel M. Kolkey, Gibson, Dunn & Crutcher, Los Angeles, CA, for defendant-appellee.
 Appeal from the United States District Court for the Central District of California.
 Before: CANBY, ROBERT BOOCHEVER, and NORRIS, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case presents the question whether 11 U.S.C. § 546(a), a bankruptcy code statute of limitations provision, applies to debtors in possession. We hold that it does.
 
 
 2
 * Softwaire Centre International (SCI) filed its complaint in the instant action more than two years after it filed its bankruptcy petition. Section 546(a), entitled "Limitations on Avoiding Powers", states that actions brought under a variety of bankruptcy code provisions "may not be commenced after the earlier of 1) two years after the appointment of a trustee ... or 2) the time the case is closed or dismissed." Here the case has not been closed or dismissed, nor has a trustee been appointed. Instead, SCI is a debtor in possession. SCI argues that because it is a debtor in possession and no trustee has been appointed, § 546(a) does not apply in this case.
 
 
 3
 This is a question of first impression in this circuit. The only other circuit to have addressed the issue is the Tenth, which held that § 546(a) limits debtors in possession as well as trustees. Zilkha Energy Co. v. Leighton, 920 F.2d 1520, 1523-24 (10th Cir.1990). Zilkha construed § 546(a) in light of § 1107(a), which says that debtors in possession shall have the same powers and limitations as trustees. Id. See 11 U.S.C. 1107(a) (1988) ("Subject to any limitations on a trustee serving in a case under this chapter ... a debtor in possession shall have all the rights ... and powers, and shall perform all the functions and duties ... of a trustee serving in a case under this chapter."). Zilkha reasoned that "[w]e do not believe that Congress intended to limit actions filed by an appointed trustee to two years without making the same restriction apply to a debtor in possession who is the functional equivalent of an appointed trustee." Zilkha, 920 F.2d at 1524. Therefore, concluded Zilkha, "we construe § 546(a)(1) to apply to actions filed by a debtor in possession, and we believe the period of limitation begins to run from the date of the filing of a petition for reorganization under chapter 11." Id. (footnote omitted).
 
 
 4
 We follow Zilkha, even though it has been criticized by a number of bankruptcy courts.[1] Zilkha 's critics make two arguments, neither of which we find persuasive. First, they say § 546(a) on its face refers only to trustees, not to debtors in possession. Cardullo, 142 B.R. at 139-40. This reading of § 546(a) is at odds with the principle that "[i]n expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy." Kelly v. Robinson, 479 U.S. 36, 43, 107 S.Ct. 353, 357, 93 L.Ed.2d 216 (1986) (quoting Offshore Logistics, Inc. v. Tallentire, 477 U.S. 207, 221, 106 S.Ct. 2485, 2493, 91 L.Ed.2d 174 (1986)). We agree with Zilkha that § 546(a) must be read in conjunction with § 1107(a). Not only does § 1107(a) by its terms subject debtors in possession to the limitations imposed on trustees, the legislative history also makes the point. As the Senate Report accompanying the Bankruptcy Reform Act of 1978 makes clear:
 
 
 5
 [Section 1107] places a debtor in possession in the shoes of a trustee in every way. The debtor is given the rights and powers of a chapter 11 trustee. He is required to perform the functions and duties of a chapter 11 trustee (except the investigative duties). He is also subject to any limitations on a chapter 11 trustee....
 
 
 6
 See S.Rep. No. 95-989, 95th Cong., 2nd Sess. 116 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5902 (emphasis added). Accord, H.Rep. No. 95-595, 95th Cong., 2nd Sess. 404 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6360; In re Woodson, 839 F.2d 610, 614 n. 5 (9th Cir.1988); Matter of Triangle Chemicals, Inc., 697 F.2d 1280, 1283-84 (5th Cir.1983).
 
 
 7
 Zilkha 's critics also dispute that a debtor in possession is the functional equivalent of a trustee. They argue that this analogy "ignores the reality of reorganization," because debtors in possession typically negotiate with the creditors of the estate. Pullman, 132 B.R. at 361. Applying the two-year statute of limitations to them "would force debtors in possession to sue the very creditors with whom they are trying to negotiate and from whom they are attempting to get credit. This would ... impede rather than aid the formulation of a consensual plan of reorganization." Id. We do not agree. First, the debtor in possession has two years to negotiate before filing suit, and second, nothing prevents further negotiations leading to a settlement after suit is filed. Debtors in possession are in the same position as trustees, making Zilkha 's "functional equivalent" reasoning persuasive. We believe that the criticism that Zilkha ignores economic reality is of little help in interpreting § 546(a).
 
 
 8
 In sum, we are not sufficiently persuaded by the criticisms of Zilkha. We agree with Zilkha that § 546(a), when read in light of § 1107(a), was intended to apply to debtors in possession as well as trustees.[2]
 
 
 9
 We conclude, therefore, that SCI's claims are time barred. We also conclude that SCI has not raised a genuine issue of material fact as to its claim that the statute of limitations was tolled by fraudulent concealment or its claim that its post-petition transfer claim was not time barred. Finally, we reject SCI's claim that the district court failed to conduct de novo review of the magistrate's report. The summary judgment in favor of Government Technology Services, Inc. is
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 For criticism of Zilkha, see In re Cardullo, 142 B.R. 138, 139 (Bank.E.D.Va.1992); In re Matter of Freedom Ford, Inc., 140 B.R. 585, 587 (Bank.M.D.Fla.1992); In re Hunt, 136 B.R. 437, 446-48 (Bank.N.D.Tex.1991); In re Allegheny Intern, Inc., 136 B.R. 396, 400 (Bank.W.D.Pa.1991); In re Pullman Constr. Indus., 132 B.R. 359, 360-64 (Bank.N.D.Ill.1991); In re McLean Indus., 132 B.R. 247, 256 (Bank.S.D.N.Y.1991); In re Tamiami Range & Gun Shop, 130 B.R. 617, 618-19 (Bank.S.D.Fla.1991); In re Century Brass Prods., 127 B.R. 720, 712 (Bank.D.Conn.1991)
 Two courts have followed Zilkha. See Sparmal Enterprises v. Moffit Realty Corp., 126 B.R. 559, 562-63 (S.D.Ind.1991); In re Coastal Group, Inc., 125 B.R. 730, 732 (Bank.D.Del.1991).
 
 
 [2]
 SCI also asserts that certain deadlines in its approved reorganization plan supplanted the § 546(a) statute of limitations. We choose not to consider this issue because it was raised for the first time in a petition for rehearing. See Escobar Ruiz v. I.N.S., 813 F.2d 283, 285-86 (9th Cir.1987). Accordingly, we take no position on this issue