**In re CALIFORNIA CANNERS & GROWERS, a California Agricultural Nonprofit Cooperative Association, Debtor.**

**John M. ENGLAND, Trustee, Appellant,**

v.

**Terry C. WHITNEY, Appellee.**

**BAP No. NC–94–1242–AsMeo.**
**Bankruptcy No. 3–83–01255–ETC.**
**Adv. No. 92–3–654–LK/N.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Oct. 20, 1994.

Decided Dec. 9, 1994.

Tad Pethybridge, San Francisco, CA, for appellant.

Robert Berg, San Francisco, CA, for appellee.

Before ASHLAND, MEYERS and OLLASON, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

This appeal concerns the timely issue of the length of the statute of limitations provision applicable to a trustee that is appointed pursuant to § 546 of the Bankruptcy Code. Some courts have found *Softwaire Centre* and *San Joaquin* in disagreement on this issue. The debtor in possession operated the estate for seven years at which time the case was converted to Chapter 7. The Chapter 7 trustee sought to bring an adversary under § 547 & § 548. The bankruptcy court held that the proceeding was time barred. We reverse.

### STATEMENT OF THE FACTS

The debtor California Canners and Growers employed Terry Whitney as Executive Vice–President and Chief Operating Officer. On February 25, 1983, California Canners and Growers issued a check to Whitney for $51,633.93 to compensate him for accepting a lower salary from California Canners and Growers than he received from his previous employer. The check was honored on March 1, 1983. On June 13, 1983 California Canners and Growers filed a voluntary Chapter 11 petition. From June 13, 1983 to the Fall of 1990, California Canners and Growers administered the bankruptcy estate as a debtor in possession.

In the Fall of 1990, California Canners and Growers filed a motion to convert the case from Chapter 11 to Chapter 7. The conversion was ordered on December 17, 1990, and a Chapter 7 trustee, John England, was appointed on that day. On December 9, 1992 the trustee filed an adversary proceeding seeking to avoid alleged preferential transfers to Whitney. Whitney filed an answer to the complaint which alleged that the statute of limitations found in § 546(a) barred the claims. On February 11, 1994 the bankruptcy court entered the order dismissing the case with prejudice. The trustee timely appealed.

### ISSUE PRESENTED

Whether the bankruptcy court erred in finding that the trustee was time barred from filing a complaint to avoid an alleged preferential transfer pursuant to § 546(a) of the Bankruptcy Code more than two years after the petition date.

### STANDARD OF REVIEW

■ We review de novo the bankruptcy court's decision concerning when the statute of limitations set forth in § 546(a) begins to run. *In re San Joaquin Roast Beef,* 7 F.3d 1413, 1414 (9th Cir.1993); *Donoghue v. County of Orange,* 848 F.2d 926, 929 (9th Cir.1987).

### DISCUSSION

■ We begin our analysis of § 546(a) with a plain reading of the statute. "In the interpretation of statutes, the function of the courts is easily stated. It is to construe the language so as to give effect to the intent of Congress." *U.S. v. American Trucking*

*Ass'ns,* 310 U.S. 534, 542, 60 S.Ct. 1059, 1063, 84 L.Ed. 1345 (1940). "It is axiomatic that '(t)he starting point in every case involving construction of a statute is the language itself.'" (citations omitted). *Landreth Timber Company v. Landreth,* 471 U.S. 681, 685, 105 S.Ct. 2297, 2301, 85 L.Ed.2d 692 (1985). The words of a statute are to be given their plain meaning unless this would yield an absurd or futile result. *American Trucking,* 310 U.S. at 543, 60 S.Ct. at 1063.

■ The statute of limitations governing the trustee in this proceeding is prescribed in 11 U.S.C. § 546(a), which states as follows:

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

11 U.S.C. § 546(a).

"A plain reading of section 546(a) is that the two-year statute of limitations [applicable to trustees] begins running from the date the first trustee is appointed...." *In re San Joaquin Roast Beef,* 7 F.3d 1413, 1416 (9th Cir.1993); *In re Maxway Corporation,* 27 F.3d 980, 983 (4th Cir.1994); *In re Continental Capital,* 158 B.R. 828, 829 (Bankr. C.D.Cal.1993). We agree with the court in *San Joaquin* that the "logical interpretation of section 546(a) is that the statute of limitations begins running from the date the first trustee is appointed...." *San Joaquin,* 7 F.3d at 1415.

■ *In re Softwaire Centre International, Inc.,* 994 F.2d 682, 684 (9th Cir.1993) and *In re San Joaquin Roast Beef,* 7 F.3d 1413, 1416 (9th Cir.1993) interpret § 546. The applicability of the two year statute of limitations to debtors in possession was answered in *Softwaire Centre,* where the court was faced with a debtor in possession who filed a complaint more than two years after filing the bankruptcy petition. *Softwaire Centre* applied § 1107 to § 546 and held that debtors in possession are bound by the same two year provision as trustees. *Softwaire Centre,* 994 F.2d at 684.

■ The effect of the two year statute of limitations prescribed under § 546(a), when there is a trustee appointed in an estate that was previously administered by a debtor in possession, was resolved in *San Joaquin.* In *San Joaquin* a debtor in possession was replaced with a Chapter 11 trustee who was subsequently replaced by a Chapter 7 trustee. The Chapter 11 trustee was allowed a full two years under § 546(a) and was not limited to the time remaining in the debtor in possession's two years. *San Joaquin,* 7 F.3d at 1415. In *San Joaquin* the court made two rulings. First, it limited all trustees to the same two year period, binding subsequent trustees to the first trustee's two years. *San Joaquin,* 7 F.3d at 1415. The *San Joaquin* court also held that, when a trustee is appointed after a debtor in possession is in place, the trustee receives the full two year limitation period prescribed in § 546(a) and is not limited to the remainder of the two year period given to the debtor in possession. *San Joaquin,* 7 F.3d at 1416. Taken together, these cases resolve the major issues surrounding the interpretation of § 546(a).

Cases decided after *San Joaquin* and *Softwaire Centre* further support these propositions. The rationale for allowing the trustee an entire two year period, absent any subtraction for time used by the debtor in possession comports with the reality that a debtor in possession may lack the incentive to prosecute avoidance actions. *Maxway Corporation,* 27 F.3d at 985. The *Maxway Corporation* court summarized its holding, "we conclude that the bankruptcy court properly interpreted the two-year statute of limitations in § 546(a)(1) as beginning to run only upon the appointment of one of the trustees specified in § 546(a)(1)." *Maxway Corporation,* 27 F.3d at 985.

Several cases decided after *San Joaquin* and *Softwaire Centre* have failed to apply the law set forth in *San Joaquin* and *Softwaire Centre.* In *In re EPI Products USA, Inc.,* 162 B.R. 1 (Bankr.C.D.Cal.1993), the court purported to rely upon *San Joaquin* and *Softwaire Centre* when it held that when the debtor in possession is replaced by a Chapter

7 trustee, the trustee is not allowed a full two years. *EPI Products,* 162 B.R. at 4–5. However, the *San Joaquin* court held that the Chapter 7 trustee shared two years with the first trustee (appointed under Chapter 11), and that the two trustees shared a full two years. The court in *San Joaquin* did not hold that the debtor in possession and the trustees all share the same two years. The first trustee appointed in *San Joaquin* did receive a full two years. The court in *EPI Products* did not follow *San Joaquin,* and we disagree with *EPI Products.*

The court in *In re Sahuaro Petroleum & Asphalt Co.,* 170 B.R. 689, 692 (C.D.Cal. 1994), similarly held a position contrary to the clear meaning of *San Joaquin.* In *Sahuaro Petroleum,* the court coupled the concept of an 'estate representative' with the shared two year period of a subsequent trustee found in *San Joaquin.* The court then held that a trustee shares the two year period with the debtor in possession. *Sahuaro Petroleum,* 170 B.R. at 692. We are not convinced by the reasoning of *Sahuaro Petroleum.*

We follow *San Joaquin*'s holding that the first trustee receives a full two year statute of limitations. The panel, as a federal court inferior to the circuit court, is absolutely bound by the circuit court's decisions on questions of law. *See, Jaffree v. Board of School Commissioners,* 459 U.S. 1314, 103 S.Ct. 842, 74 L.Ed.2d 924 (1983). We, therefore, hold that § 546(a) grants a trustee two years in which to file an adversary proceeding governed by this section. We note that another court reached a similar result when faced with the same issue, trustee and estate in *England v. Nestle Food Co. (In re California Canners and Growers),* 172 B.R. 941, 943 (N.D.Cal.1994). We reverse the bankruptcy court's ruling that the trustee's claim is time barred and remand this matter to the bankruptcy court for a hearing on the merits of the adversary proceeding.

### CONCLUSION

The trustee in this case brought the adversary proceeding within two years of being appointed. There were no prior trustees appointed in this case. Therefore, the trustee is entitled to a full two years in which to bring the previously discussed adversary proceeding. We reverse the bankruptcy court's dismissal of the adversary proceeding and remand this case to the bankruptcy court for further proceedings consistent with this opinion.