**In re TOWER METAL ALLOY, Debtor.**

**Ruth A. SLONE–STIVER, Trustee in Bankruptcy, Plaintiff,**

v.

**SOL TICK & CO., INC., Defendant.**

**Bankruptcy No. 91–32828.**
**Adv. No. 94–0233.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

May 12, 1995.

Ruth A. Slone–Stiver, Dayton, OH, for plaintiff/trustee.

Ralph A. Skilkin, Jr., Dayton, OH, for defendant.

DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

WILLIAM A. CLARK, Chief Judge.

Before the court is a motion of defendant to dismiss plaintiff's complaint as untimely filed. The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

*FACTS*

1) On June 13, 1991, Tower Metal Alloy filed a petition in bankruptcy pursuant to chapter 11 of the Bankruptcy Code and thereby became a debtor in possession;

2) Ruth A. Slone–Stiver (Plaintiff) was appointed a chapter 11 trustee for the debtor's estate on December 31, 1992;

3) On September 21, 1993, the debtor's case was converted from chapter 11 to chapter 7;

4) Subsequently, Ruth A. Stiver–Slone was appointed the chapter 7 trustee of the debtor's estate;

5) On December 29, 1994, the plaintiff filed a complaint in the present adversary proceeding against defendant Sol Tick and Co., Inc., under § 547 of the Bankruptcy Code to recover an alleged preferential transfer made by the debtor to the defendant.

Defendant's "Motion to Dismiss" (Doc. # 5) states that plaintiff's complaint "is time barred pursuant to the two year statute of limitations set forth in § 546(a)(1) of the United States Bankruptcy Code."

### CONCLUSIONS OF LAW

■ On the date relevant to this decision, § 546(a) of the Bankruptcy Code read as follows:[1]

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

11 U.S.C. § 546(a).

The issue before the court is whether the two-year statute of limitations of § 546 began running on the date that the debtor filed its bankruptcy petition or on the date the chapter 11 trustee was appointed. Defendant relies upon the decisions of several circuit courts of appeals for its position that the two-year period began running on the date the debtor became a debtor in possession and therein a representative of the estate, i.e., on the date the petition in bankruptcy was filed. The leading case for the defendant's view is *Zilkha Energy Co. v. Leighton*, 920 F.2d 1520 (10th Cir.1990), wherein the court found that, although 11 U.S.C. § 546(a) specifically refers to the appointment of a "trustee," a debtor in possession is the functional equiva-

lent of an appointed trustee, and, therefore, § 546(a)(1) applies to an action filed by a debtor in possession:

The key to this case is the scope of § 546(a), and the question to resolve is whether a debtor in possession is subject to the same two-year statute of limitations as an appointed trustee. We believe § 546 is ambiguous; therefore, it must construed. We do not believe that Congress intended to limit actions filed by an appointed trustee to two years without making the same restriction apply to a debtor in possession who is the functional equivalent of an appointed trustee. Because of the virtual identity of function between a trustee and a debtor in possession, there would be no reason to create a different limitation period for the filing of actions by the two fiduciaries. Moreover, when the balance of § 546 is considered, it is even more apparent that Congress intended for the word "trustee" to apply to a debtor in possession, for every reference to actions brought by a trustee contained in § 546 obviously applies to actions brought by a debtor in possession. A contrary analysis would deprive § 546 of significance in the majority of recovery actions filed in chapter 11 cases.

Consequently, we construe § 546(a)(1) to apply to actions filed by a debtor in possession, and we believe the period of limitation begins to run from the date of the filing of a petition for reorganization under chapter 11. *Id.* at 1524.

In reaching this conclusion, the Tenth Circuit relied upon the provisions of 11 U.S.C. § 1107(a) by which "a debtor in possession is clothed with all powers of a trustee." *Id.* at 1523.

**§ 1107. Rights, powers, and duties of debtor in possession.**

(a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the

---

[1]. Subsequent to the debtor filing its petition in bankruptcy, 11 U.S.C. § 546(a) was amended by the Bankruptcy Reform Act of 1994 (Pub.L. No. 103–394). Because the debtor's petition in bank-

ruptcy was filed prior to the effective date of the Act, October 11, 1994, amended § 546(a) is not applicable to the present adversary proceeding.

right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

11 U.S.C. § 1107(a).

Of critical significance to this court, however, is the fact that in *Zilkha* the debtor in possession remained in possession, unlike the case before this court, and no chapter 11 trustee was ever appointed. The Tenth Circuit specifically noted that a different analysis might be required when a chapter 11 trustee was appointed:

We take no position on whether a subsequent appointment of a trustee in a chapter 11 case would change the analysis. *See Boatman v. E.J. Davis Co.,* 49 B.R. 719 (Bankr.D.Conn.1985). While we perceive that to be a distinguishable circumstance requiring a different analysis, we leave the issue for a case in which that situation arises. *Zilkha,* 920 F.2d at 1524.

In *Upgrade Corp. v. Government Technology Services, Inc., (In re Softwaire Centre International, Inc.),* 994 F.2d 682 (9th Cir. 1993), the Ninth Circuit also found that § 546(a) of the Bankruptcy Code is applicable to debtors in possession:

We agree with *Zilkha* that § 546(a) must be read in conjunction with § 1107(a). Not only does § 1107(a) by its terms subject debtors in possession to the limitations imposed on trustees, the legislative history also makes the point. As the Senate Report accompanying the Bankruptcy Reform Act of 1978 makes clear:

[Section 1107] *places a debtor in possession in the shoes of a trustee in every way.* The debtor is given the rights and powers of a chapter 11 trustee. He is required to perform the functions and duties of a chapter 11 trustee (except the investigative duties). He is also subject to any limitations on a chapter 11 trustee.... (citations omitted). *Id.* at 683.

In *Construction Management Services, Inc. v. Manufacturers Hanover Trust Co. (In re Coastal Group, Inc.),* 13 F.3d 81 (3rd Cir.1994), the Third Circuit followed *Zilkha*

and *Softwaire Centre.* The Second Circuit 02 also concluded that the limitations period of § 546(a) apply to a debtor when it files its petition in bankruptcy and becomes a debtor under § 1101, *U.S. Brass & Copper Co. v. Caplan (In re Century Brass Products, Inc.),* 22 F.3d 37 (2nd Cir.1994). As was the case in *Zilkha,* however, the Second Circuit noted that the result might not be the same where a trustee is appointed in a chapter 11 subsequent to the filing of the debtor's petition in bankruptcy:

[S]ince no trustee was ever appointed in the present case, we need not decide whether such an appointment might revive a claim that the DIP itself would have been barred from bringing. *Id.* at 41.

Only the Fourth Circuit has joined the "overwhelming majority of bankruptcy and district courts [which] have concluded that the two-year statute of limitations [of § 546(a) ] begins to run only upon the appointment of one of the trustees specified in § 546(a)(1)." *Maurice Sporting Goods, Inc. v. Maxway Corp. (*In re Maxway Corp.*), 27 F.3d 980, 982 (4th Cir.1994). In reaching this result the court stated that it was relying on a plain meaning of § 546(a):*

We believe that Maurice's argument misconstrues the function and interaction of §§ 546(a) and 1107(a). Section 1107(a) confers upon a debtor in possession the power and authority of a Chapter 11 trustee. The operation of § 1107(a) thus provides standing to debtors in possession to seek the avoidance of preferential transfers even though § 547 explicitly refers only to trustees. Subsections (b)-(g) of § 546 similarly limit a trustee's—and through the operation of § 1107, a debtor in possession's—authority to recover property under §§ 544, 545, 547, 548, or 549. *See* 11 U.S.C.A. § 546(b)-(g) (West 1993). However, unlike the remainder of § 546, subsection (a) is not directed at limiting the authority of trustees to recover property. Rather, it establishes the time period within which an action may be commenced under §§ 544, 545, 547, 548 or 553. *It provides that no one may bring an avoidance action more than two years after the appointment of the enumerated trustees,*

*not that the enumerated trustees may not commence an avoidance action more than two years after their appointment.* Thus, by its terms, § 546(a) applies both to trustees and debtors in possession, requiring both to commence an action within the specified time periods. The appointment of the various trustees is merely the starting point from which the clock begins to run in paragraph (1). Accordingly, an application of the plain language of § 546(a)(1) is not, in our view, inconsistent with general statutory scheme of functional equivalency established by the language and legislative history of § 1107(a). *Id.* at 983–984 (emphasis supplied).

Although the majority of these circuit court cases support defendant's position that § 546(a) is applicable to a debtor in possession, they do not clearly provide the basis for defendant's conclusion that, once a debtor in possession is created, the statute of limitations "expires two years later, *even if the estate representative's identity changes in the interim*" (Defendant's Memorandum, Doc. # 14 at 4) (emphasis supplied). In a case where a chapter 7 trustee was appointed after the conversion of a case from chapter 11 (in which a chapter 11 trustee had been previously appointed), the Ninth Circuit found that, based upon a plain reading of § 546(a), the two-year statute of limitations of § 546(a) "begins running from the date the *first trustee* is appointed and that all subsequent trustees are subject to the same statute of limitations." *Ford v. Union Bank (In re San Joaquin Roast Beef)*, 7 F.3d 1413, 1415 (9th Cir.1993) (emphasis supplied). Although the case may be construed as conflicting with the Ninth Circuit's earlier decision of *Softwaire Centre,*[2] *supra,* wherein it was held that the two-year statute of limitations period of § 546(a) applies to debtors in possession, any apparent conflict between the two cases has been harmonized as follows:

The upshot of *Softwaire Centre* and *San Joaquin Roast Beef* is that in the Ninth Circuit there are two distinct two-year limitation periods for avoiding actions subject to section 546(a)(1). A debtor in posses-

sion gets two years from the date of filing the case. All trustees get two years from the date the first trustee was appointed. *Iron–Oak Supply Corp. v. Nibco, Inc. (In re Iron–Oak Supply Corp.)*, 162 B.R. 301, 306 (Bankr.E.D.Cal.1993).

*Accord, England v. Whitney (In re California Canners & Growers)*, 175 B.R. 346 (Bankr. 9th Cir.1994).

"The rationale for allowing the trustee an entire two year period, absent any subtraction for time used by the debtor in possession comports with the reality that a debtor in possession may lack the incentive to prosecute avoidance actions." *Id.,* at 348.

This court agrees with *In re Iron–Oak Supply Corp.* to the extent that the court found that the appointment of a trustee subsequent to a debtor being in possession of the estate commences a two-year statute of limitations period of § 546(a). In addition, this court concurs with the reasoning set forth in *Reese v. First Tennessee Bank, N.A. (In re Brooke Meade Health Care Center, Inc.)*, 165 B.R. 195 (Bankr.M.D.Tenn.1994), where the question presented was "whether a chapter 11 trustee's two-year period within which to commence an avoidance action under 11 U.S.C. § 546(a)(1) is counted from the appointment of the trustee or from the (earlier) filing of the petition."

In the thicket of cases debating whether, how and to whom to apply the two-year limitation on avoiding actions in § 546(a)(1), this is the uncomplicated case. 11 U.S.C. § 546(a) is unambiguous with respect to the period of limitation within which a chapter 11 trustee must commence an avoiding action. The two-year limitation in § 546(a)(1) begins to run "after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202...." This trustee was appointed under § 11 U.S.C. § 1104 on September 18, 1991. This action was timely commenced within two years, on September 15, 1993.

It is unnecessary to decide whether the two-year limitation in § 546(a)(1) limits avoidance actions by a chapter 11 debtor in

**2.** *Softwaire Centre* was decided approximately five months prior to *San Joaquin Roast Beef,* but no reference is made to the earlier decision by the latter.

possession. Even if § 546(a)(1) applies to a debtor in possession, *nothing in the language of § 546(a)(1) suggests that the limitation on a debtor in possession would be "tacked" or "added" to calculate the limitation with respect to a subsequently appointed trustee. Id.* at 196–197 (emphasis supplied).

*Accord, Gazes v. Kesikrodis (In re Ted A. Petras Furs, Inc.),* 172 B.R. 170, 174 (Bankr. E.D.N.Y.1994).

For the foregoing reasons the court finds that plaintiff filed her complaint within the two-year period after the appointment of a chapter 11 trustee in compliance with the provisions of 11 U.S.C. § 546(a).[3]

It is, therefore, ORDERED that defendant's motion to dismiss is DENIED.

---

3. Because it is unnecessary to this decision, the court reserves the question of whether the appointment of a chapter 7 trustee after a case is converted from chapter 11 to chapter 7 initiates yet another two-year statute of limitations period.