*1030 Opinion by Judge BRUNETTI; Partial Concurrence and Partial Dissent by Judge McKEOWN.
BRUNETTI, Circuit Judge:
We must decide whether the statute of limitations under the pre-1994 version of the Bankruptcy Code begins running from the date of appointment of the interim trustee or from the date of qualification of the permanent trustee.
I.
The relevant dates in this case are as follows:
1) On April 19, 1993, Parmetex, Inc. (“Parmetex”) filed a Chapter 7 bankruptcy petition.
2) On May 4, 1993, Charles Daff (“Daff’) accepted his appointment as interim trustee under 11 U.S.C. § 701.
3) The meeting of creditors held pursuant to 11 U.S.C. § 341(a) was set for May 25, 1993, but did not actually occur until June 22, 1993, at which time Daff became the permanent trustee.
4) On May 25, 1995 unsecured creditors Avalanche Maritime, Ltd. and Mountain Peak Maritime, Ltd. (the “Creditors”), filed an adversary complaint in bankruptcy court to avoid allegedly fraudulent, preferential and post-petition transfers by Par-metex. The Complaint was filed against a number of parties, including Sunil Parekh, Jr., Sevanti Parekh, Reshma Parekh, Jit-endra Kapadia, Bank of Baroda and Cali-par Trading, Inc., Shustak, Jalil, Sanders & Heller (a law firm), and Erwin Shustak' (collectively, “Defendants”).
5) On July 27, 1995 Daff executed a stipulation that authorized the Creditors to pursue the claims in his stead and to amend the original complaint to add Daff as a plaintiff.
6) On August 3, 1995, the Bankruptcy Court entered an order granting the stipulation.
7)On September 25, 1995, the Creditors and Daff filed an amended complaint with the same allegations.
Defendants have argued below and to this Court that the Creditors do not have standing to bring this suit and that in the alternative the Creditors are barred from bringing the suit by the applicable statute of limitations — 11 U.S.C. § 546(a). The district court, after reviewing an appeal from the bankruptcy court, held that the two-year statute of limitations began to accrue when Daff was appointed as interim trustee and therefore dismissed the avoidance action as untimely. Neither the bankruptcy court nor the district court addressed the issue of standing.
We conclude herein that the Creditors had standing but that they were barred from bringing the suit by the statute of limitations.
II.
Defendants argue that the Creditors have no standing to sue because only the Chapter 7 trustee has authority to bring adversary proceedings under 11 U.S.C. §§ 544(b), 547, 548 and 549(a). The district court did not address the issue of standing because the statute of limitations issue was the only one certified by the bankruptcy court for appeal. Even so, we must address the issue of standing because “Article III standing is a jurisdictional prerequisite.” Maricopa-Stanfield Irrigation and Drainage District v. United States, 158 F.3d 428, 433 (9th Cir.1998).
Daff stipulated on July 27, 1995 that the Creditors were authorized to pursue their claims in his stead. In relevant part, the stipulation states: “It is hereby stipulated and agreed ... that [the Creditors] are and were authorized to file an adversary complaint in the above referenced action on or about May 25, 1995.” The stipulation further provides: “[t]he complaint ... is acknowledged and agreed to have been *1031 brought on behalf of the estate although nominally on behalf of the named plaintiffs in lieu of the trustee. The Trustee authorizes the complaint to be amended if necessary to have the Trustee as a named party-plaintiff if procedurally required.” On August 3, 1995, the bankruptcy court entered an order granting the stipulation. On September 25, 1995, the Creditors and Daff filed an amended complaint that added Daff as a plaintiff but stated the same claims.
Although Defendants are correct that a trustee must generally file an avoidance action under Chapter 7, we hold that under these particular circumstances — where the trustee stipulated that the Creditors could sue on his behalf and the bankruptcy court approved that stipulation — the Creditors had standing to bring the suit. See In re Curry and Sorensen, 57 B.R. 824, 828 (9th Cir. BAP 1986) (“[t]he exclusive power to commence avoidance actions vested in trustees and debtors-in possession is permissive rather than mandatory ... [T]he creditor may move to ... gain court permission to institute the action itself.”). See also In re Enserv Co., Inc., 64 B.R. 519 (9th Cir. BAP 1986) (following In re Curry), aff'd by mem., 813 F.2d 1230 (9th Cir.1987); In re The Gibson Group, Inc., 66 F.3d 1436, 1442 (6th Cir.1995) (“a creditor may have standing to file an avoidance action if the bankruptcy court determines that certain conditions exist and certain prerequisites are met”); In re Natchez Corp. of West Virginia, 953 F.2d 184, 187 (5th Cir.1992) (“A creditor may [institute an action under section 549] on behalf of the trustee or debtor-in-possession if it has moved the bankruptcy court for authorization to do so”); In re Xonics Photochemical, Inc., 841 F.2d 198, 203 (7th Cir.1988) (creditor could have asked the bankruptcy court to allow it to bring a form of derivative suit in the name of the debtor); In re Vogel Van & Storage, Inc., 210 B.R. 27 (N.D.N.Y.1997) (upholding bankruptcy court’s authorization of suit by creditor because “nothing in the Bankruptcy Code indicates that a trustee cannot authorize a creditor to litigate an avoidance action on the trustee’s behalf’).
III.
Defendants argue that the Creditors were barred from bringing a lawsuit because the applicable statute of limitations — 11 U.S.C. § 546(a)[2] — had run. Specifically, Creditors contend that the § 546 statute begins to run on the date of qualification of the permanent trustee under 11 U.S.C. § 702, not from the date of appointment of the interim trustee under 11 U.S.C. § 701. We disagree with Creditors’ argument and hold that the § 546(a) statute of limitations begins to run on the date the interim trustee is appointed pursuant to § 701 of the Bankruptcy Code.
11 U.S.C. § 546(a), entitled “Limitations on Avoiding Powers”, provides in relevant part:
(a) an action or proceeding under section 544, 545, 547, 548 or 553 of this title may not be commenced after the earlier of—
(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302 or 1202 of this title; or
(2) the time the case is closed or dismissed.
11 U.S.C. § 546(a) (1994 ed.) (emphasis added).
The parties in this case have argued over whether the phrase “appointment of a trustee” refers to an interim trustee or a permanent trustee. The Defendants contend that the “appointment of a trustee” language refers to the “appointment” of an interim trustee under 11 U.S.C. § 701. See 11 U.S.C. § 701(a)(1) (“[t]he United States trustee shall appoint one disinterested person ... to serve as interim trust *1032 ee in the case.”)- If this is the case, the Complaint was not timely filed because the interim trustee was appointed on May 4, 1993, which is more than two years before the Creditors filed suit.[3] The Creditors counter that “appointment of a trustee” refers to the “election” of a permanent trustee under 11 U.S.C. § 702(b). See 11 U.S.C. § 702(b) (“[creditors may elect one person to serve as trustee in the case”). According to the Creditors [and according to the dissent], § 546 must refer to the qualification of a permanent trustee under § 702 because the statute explicitly references § 702. Also, argue the Creditors, a large number of lower court opinions support such an interpretation of § 546(a). Despite lower court opinions that employ such reasoning, we hold today that the § 546(a) statute of limitations begins to run upon the appointment of the interim trustee under § 701, not upon the election of a permanent trustee under § 702. Such a result is dictated by two prior decisions of this court—In re. San Joaquin Roast Beef, 7 F.3d 1413 (9th Cir.1993); and In re Softwaire Centre International, Inc., 994 F.2d 682 (9th Cir.1993).
In San Joaquin Roast Beef, debtor San Joaquin Roast Beef filed for Chapter 11 bankruptcy and the bankruptcy court appointed a Chapter 11 trustee. Approximately one year later, the bankruptcy court converted the Chapter 11 to Chapter 7 and appointed a Chapter 7 trustee. Approximately one year after that, the Chapter 7 trustee filed suit to recover allegedly preferential transfers. The bankruptcy court dismissed the proceeding on the ground that it was barred by § 546(a)’s two-year statute of limitations. San Joaquin Roast Beef 7 F.3d at 1414-15. The trustee contended on appeal that he was not barred by the statute of limitations because the two-year period began to run anew after the conversion of the case from a chapter 11 bankruptcy proceeding to a Chapter 7 proceeding.
We disagreed with the trustee’s argument, and held that “the most logical interpretation of section 546(a) is that the statute of limitations begins running from the date the first trustee is appointed and that all subsequent trustees are subject to the same statute of limitations.” Id. at 1415 (emphasis added). We therefore concluded that “[t]he statute of limitations began running on the date the Chapter 11 trustee was appointed.” Id. at 1416.
The Chapter 7 trustee .had argued that the statute of limitations should run anew upon conversion from Chapter 11 to Chapter 7 because a Chapter 7 trustee has different objectives than a Chapter 11 trustee. As the trustee pointed out, a Chapter 11 trustee has the goal of rehabilitating the debtor business, while the Chapter 7 has the goal of liquidating the business at its maximum value. As a result, argued the trustee, a Chapter 7 trustee could be time-barred from instituting adversary actions due to the inaction of a prior Chapter 11 trustee. Id. at 1415-16. We expressed the view that reaching such an argument would be unwise because “the issue is laden with policy considerations best left to Congress.” Id. at 1416. Instead of delving into policy arguments, we followed “[a] plain reading of § 546(a),” and reiterated that the § 546 statute of limitations begins running from the date the first trustee is appointed. Id.
In Softwaire Centre this court was presented with a slightly different scenario concerning the § 546(a)- — whether or not § 546(a)’s statute of limitations applies to debtors in possession as well as trustees. In Softwaire Centre, a Chapter 11 debtor in possession, Softwaire Centre International (“SCI”), filed an action seeking an avoidance more than two years after the *1033 Chapter 11 petition had been filed. Softwaire Centre, 994 F.2d at 683. SCI argued that § 546(a) should not be applied because on its face that section applies only to trustees, not to debtors in possession. Moreover, argued SCI, debtors in possession and trustees have different duties under the Bankruptcy Code and are therefore not “functional equivalents” of trustees. Applying the same statute of limitations to both, argued SCI, would “ignore[ ] the reality of reorganization.” Id. 683-84.
We rejected SCI’s arguments, and held that § 546(a)’s statute of limitations “was intended to apply to debtors in possession as well as trustees.” Id. at 684. We adopted the reasoning of Zilkha Energy Co. v. Leighton, 920 F.2d 1520, 1523-1524, (10th Cir.1990), which construed § 546(a) in light of section 1107(a) (“[A] debtor in possession shall have all the rights ... and powers, and shall perform all the functions and duties ... of a trustee.”). In light of this language, we stated that “[w]e do not believe that Congress intended to limit actions filed by an appointed trustee to two years without making the same restriction apply to a debtor in possession who is the functional equivalent of an appointed trustee.” Soflwaire Centre, 994 F.2d at 684 (emphasis added). We concluded that the statute of limitations began to run “from the date of the filing of a petition for reorganization under Chapter 11.” Id. at 683 (quoting Zilkha, 920 F.2d at 1524).
The reasoning of San Joaquin Roast Beef and Soflwaire Centre lead us to the conclusion that the statute of limitations began running in this case when Daff was appointed as interim trustee pursuant to § 701, not when he was elected as permanent trustee pursuant to § 702. San Joaquin Roast Beef held that the appointment of the first trustee triggers the statute of limitations. See San Joaquin Roast Beef, 7 F.3d at 1416. Here, the first trustee appointed was Daff, who was appointed as interim trustee, on May 4, 1993. Soft-waire Centre held that a debtor in possession is “the functional equivalent of an appointed trustee” and that, as a result, the § 546(a) statute of limitations applies to debtors in possession as well as to trustees. Soflwaire Centre, 994 F.2d at 683-684. Similarly, in the instant case, an interim trustee appointed under § 701 is the “functional equivalent” of a permanent trustee elected under § 702. This is so because the Bankruptcy Code does not require the permanent trustee to do anything different than that which he had already been doing as the interim trustee. As one commentator has stated, “[t]he interim trustee ... must comply with the same rules and regulations as a permanent trustee.” 4 Collier on Bankruptcy ¶ 701.04. Indeed, all Chapter 7 trustees, including the interim trustee, have the same rights, powers, and duties, including the power to assert claims governed by § 546(a)(1). Because Daff was appointed as the first trustee — serving in the capacity as interim trustee — on May 4,1993, and because an interim trustee is the “functional equivalent” of a permanent trustee, we conclude that the § 546(a) statute of limitations began to run on May 4, 1993. Accordingly, the Creditors’ suit is barred by the statute of limitations.
The dissent argues that by so holding we read specific language — “ § 702” — out of the statute. Although § 546(a) does refer to § 702 and not § 701, § 546(a) does specifically refer to the “appointment” of trustees under certain sections of Chapters 7, 11, and 13 of the Bankruptcy Code. See 11 U.S.C. § 546. Section 701 is the only part of Chapter 7 that discusses the “appointment” of Chapter 7 trustees. By adopting the dissent’s interpretation, therefore, we would also be reading specific language — “appointed under” — out of the statute. Given that either interpretation would read language out of this unclear statute, we have simply discerned the most logical reading of § 546(a) that is consistent with our prior decisions in San Joaquin Roast Beef and Soflwaire Centre.
*1034 The dissent also argues that the 1994 amendments to the Bankruptcy Code support a contrary interpretation of § 546 because those amendments add the phrase “or election” to the statute. The amended statute, however, does not clear up the prior ambiguity. The amended statute reads, in relevant part:-
(a) An action or proceeding under section 544, 545, 547, 548, or 533 of this title may not be commenced after the earlier of ...
(1) the later of ...
(A) 2 years after the entry of the order for relief; or
(B) 1 year after the appointment or election of the first trustee under section 702,1104,1163,1202 or 1302 of this title if such election occurs before the expiration of the time specified in subparagraph (A); or
(2) the time the case is closed or dismissed.
11 U.S.C. § 546 (amended) (emphasis added). Although the added phrase “or election,” could suggest that the unamended § 546(a) applies to only the permanent trustee, the statute also now contains the phrase “first trustee.” The added “first trustee” language suggests that the statute of limitations should be applied to the interim trustee because the interim trustee is the “first trustee.” These contradictory changes do not help to clear up the confusion present in the unamended version of § 546(a).
IV.
The most logical interpretation of 11 U.S.C. § 546(a), consistent with this court’s prior decisions, is that the statute of limitations period begins to run when the interim trustee is appointed under 11 U.S.C. § 701. The statute of limitations here, accordingly, began to run on May 4, 1993, the date that Daff was appointed as interim trustee. Because the Creditors’ suit was filed more than two years after this date, it was untimely.
AFFIRMED.

. Because Parmetex’s petition for relief was filed before the 1994 amendments to the Bankruptcy Code, 11 U.S.C. § 546(a) (1994 ed.) applies to this appeal. Unless otherwise noted, all references herein are to the pre-1994 version of the statute.

. This is so whether or not the action was "commenced” on the date the original complaint was filed — May 25, 1995, or on the date that the bankruptcy court entered the order granting the stipulation to add trustee Daff to the Complaint — August 3, 1995. Because the Creditors filed late measuring from either date, we need not decide the issue of when precisely the action was "commenced.”