**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ESTATE OF THELMA V. SPIRTOS;
THELMA V. SPIRTOS; MICHELLE
SPIRTOS,

　　　　*Plaintiffs-Appellants,*

　　　　　　v.

ONE SAN BERNARDINO COUNTY
SUPERIOR COURT CASE NUMBERED
SPR 02211,

　　　　　　　*Defendant,*

　　　　and

ESTATE OF BASIL SPIRTOS, Deceased
(Nicholas B. Spirtos as estate
representative); BRYAN HARTNELL;
HARTNELL, HORSPOOL & FOX LLP;
NICHOLAS B. SPIRTOS as an
individual; ESTATE OF MICHAEL N.
SPIRTOS (Maria Monokondilos
Spirtos as representative); DAVID
L. RAY; SALTZBURG, RAY AND
BERGMAN LLP,

　　　　　　*Defendants-Appellees.*

No. 03-56405

D.C. No.
CV-02-01152-VAP

OPINION

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted February 6, 2006*
Pasadena, California

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

4045

Filed April 12, 2006

Before: Harry Pregerson, William A. Fletcher, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Bybee

## **COUNSEL**

Jon Eardley, Law Offices of Jon Eardley, Whittier, California, for the appellant.

Michael Thomas, Thomas, Donahue, Thomas & Hurevitz, LLP, Glendale, California, for defendant-appellee Estate of Michael N. Spirtos (Maria Monokondilos Spirtos as representative).

Edith R. Matthai and Rebecca D. Lizarraga, Robie & Matthai, Los Angeles, California, for defendants-appellees David L. Ray and Saltzburg, Ray and Bergman LLP.

---

**OPINION**

BYBEE, Circuit Judge:

In this case, we are faced with the question of whether a creditor of a bankruptcy estate has standing to bring a claim on behalf of the estate. We hold that 11 U.S.C. § 323 vests the bankruptcy trustee with the exclusive right to sue on behalf of the bankruptcy estate.

## I.    FACTS AND PROCEDURAL HISTORY

Basil and Thelma Spirtos were married in 1954. They had six children together, two adopted and four biological. In 1983, Basil and Thelma[1] entered into a Marital Settlement Agreement ("MSA") which the Los Angeles Superior Court reduced to judgment in 1984. However, Basil breached the MSA, and Thelma filed for bankruptcy under Chapter 11 in 1984. In 2001, the bankruptcy court converted Thelma's Chapter 11 bankruptcy to a Chapter 7 bankruptcy.

Basil remarried twice, once in 1985 and again in 1988. In 1987, he also filed for bankruptcy under Chapter 11, but later converted the proceeding to a Chapter 7 bankruptcy. Because of Basil's outstanding obligations to Thelma under their

---

[1]As Basil and Thelma share the same surname, we use first names in order to avoid confusion.

MSA, she is a creditor of Basil's bankruptcy estate. In 1996, Basil died. His bankruptcy case remains pending to date. David Ray is the bankruptcy trustee.

In October 2002, Thelma[2] filed a complaint against nearly everyone involved in the bankruptcy and probate proceedings of Basil's estate, including David Ray and the Office of the United States Trustee. The complaint alleges various RICO claims and state causes of action. The substance of plaintiff's claims is that the defendants "have jointly conspired to conceal assets belonging to the bankruptcy and probate estates of Dr. Basil N. Spirtos for the purpose of obstructing the payment of the Decedent's creditors and legal heirs . . . ." [E.R. 5 ¶ 16.]

In July 2003, the district court granted defendants' motions to dismiss. The district court ruled that those RICO claims derived from the administration of Basil's bankruptcy estate were being asserted on behalf of the bankruptcy estate, and that under 11 U.S.C. §§ 323(a)-(b) and 704, the bankruptcy trustee has the exclusive capacity to sue on behalf of the estate. Accordingly, the district court ruled that Thelma lacked standing to bring those RICO claims and dismissed them. The district court also dismissed the rest of her RICO claims, which were based on the administration of Basil's probate estate, on the ground that abstention was appropriate under *Younger v. Harris*, 401 U.S. 37 (1971). The district court also ruled that *Younger* abstention was an alternative ground justifying the dismissal of Thelma's claims against Basil's bankruptcy estate. Thelma appeals the ruling of the district court.

After Thelma's appeal was filed with this Court, the Cali-

---

[2]This case is procedurally and factually complicated, but these complexities do not affect the legal analysis. We therefore refer to the plaintiff in this case as Thelma, even though there are actually two plaintiffs: Thelma and her daughter, Michelle Spirtos, who is also Basil's daughter.

fornia Court of Appeal ruled that she is not a creditor of the probate estate because she failed to properly perfect her claim under California probate law. *See Spirtos v. Spirtos* (*In re Estate of Basil Spirtos*), EO34900/EO35878, (Cal. Ct. App. Mar. 8, 2005).

## II.　ANALYSIS

Thelma brings RICO claims based on both the administration of Basil's bankruptcy estate and the administration of Basil's probate estate. As Thelma is without standing to bring claims based on either of these proceedings, we hold that all of her claims are without merit without considering the appropriateness of *Younger* abstention and we affirm the decision of the district court. We address the claims based on each estate in turn.

### A.　*RICO Claims Derived from Basil's Bankruptcy Estate*

**[1]** The Bankruptcy Code provides that the trustee of a bankruptcy estate is the representative of the estate. 11 U.S.C. § 323(a) (2000). As such, he has the capacity to sue on behalf of the estate, and those with claims against the estate can sue him. *Id.* § 323(b).

**[2]** To date, we have not squarely addressed the question of whether the creditor of a bankruptcy estate also has standing to assert claims on behalf of the estate. However, we have stated in dicta that, in general, trustees are the exclusive parties possessing the right to sue on behalf of the estate. *See Moneymaker v. CoBen* (*In re Eisen*), 31 F.3d 1447, 1451 n.2 (9th Cir. 1994) (stating that, in the context of an appeal of the bankruptcy court's order, "as trustee, Moneymaker is vested with Eisen's causes of action, rendering Eisen with no standing to appeal"); *see also Hamid v. Price Waterhouse*, 51 F.3d 1411, 1421 (9th Cir. 1995) (holding that the depositors of a failed bank did not have standing to bring RICO claims on behalf of the bank); *see also id.* at 1420 ("Creditors of a bank-

rupt corporation generally do not have standing under RICO."). We have held that under some circumstances, the trustee may authorize others to bring suit, but we implicitly held that the right to bring suit—or choose not to do so—belongs to the trustee in the first instance. *See Avalanche Mar., Ltd. v. Parekh* (*In re Parmetex, Inc.*), 199 F.3d 1029, 1031 (9th Cir. 1999) ("Although Defendants are correct that a trustee must generally file [actions on behalf of the estate], we hold that under these particular circumstances—where the trustee stipulated that the Creditors could sue on his behalf and the bankruptcy court approved that stipulation—the Creditors had standing to bring the suit.").

**[3]** Other circuits have considered this issue and have consistently held that a bankruptcy trustee is vested with the exclusive power to raise legal claims on behalf of the estate. *See, e.g.*, *Husvar v. Rapoport*, 430 F.3d 777, 780 (6th Cir. 2005) (accepting defendants' argument that "plaintiffs lacked standing to prosecute the derivative action described in the complaint because, in the absence of abandonment, only the debtor-in-possession of Mosler's bankruptcy estate (the bankruptcy trustee) can prosecute such a claim"); *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) ("[A] trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute causes of action belonging to the estate."); *United States ex rel. Gebert v. Transp. Admin. Servs.*, 260 F.3d 909, 909, 914-15 (8th Cir. 2001) (holding that only the trustee has standing to bring a claim); *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 306-07 (5th Cir. 2001) (finding that a trustee is the real party in interest and has exclusive standing to assert claims that are the property of the bankruptcy estate); *Miller v. Generale Bank Nederland, N.V.* (*In re Interpictures Inc.*), 217 F.3d 74, 75 (2d Cir. 2000) ("The derivative RICO claim belongs to the debtor's estate. Appellant's status as a creditor to the debtor does not give him either standing to prosecute or a possessory interest in this claim."); *Richman v. First Woman's Bank* (*In re Richman*), 104 F.3d 654 (4th Cir.

1997); *see also Bivens Gardens Office Bldg., Inc. v. Barnett Banks of Fla., Inc.*, 140 F.3d 898, 908 (11th Cir. 1998) ("A creditor will [not] have RICO standing . . . if the injury alleged was suffered only as a result of harm to the corporation."); *Manson v. Stacescu*, 11 F.3d 1127, 1130-31 (2d Cir. 1993) (holding that creditors of bankrupt estate lack standing to bring RICO claim alleging indirect injury as result of direct injury to estate).

In her brief, Thelma argues that because her suit also names David Ray, the trustee of the estate, as a defendant, it is nonsensical for the trustee to be the only individual vested with the power to sue the trustee. This argument is spurious. The Bankruptcy Code provides a procedure for a creditor to acquire property of the estate, including legal claims. "On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b) (2000). However, Thelma has not sought an abandonment of the estate's RICO claims, either below or on appeal. "Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate." *Id.* § 554(d). Similarly, if the trustee is guilty of malfeasance, the proper remedy is removal under section 324(a), not a RICO claim filed in another forum. *See id.* § 324(a) ("The court, after notice and a hearing, may remove a trustee . . . for cause.").

**[4]** We therefore reaffirm our previous reasoning and that of our sister circuits and hold that the bankruptcy code endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate.[3] Accordingly, Thelma, as a creditor of

---

[3]We note that our opinion in this case in no way undermines our ruling in *In re Parmetex, Inc.*, 199 F.3d at 1031, where we held that the creditors of a bankruptcy estate could assert claims on behalf of the estate when the trustee stipulated that the Creditors could sue on his behalf and the bankruptcy court approved that stipulation.

the estate who did not receive authorization to sue from the trustee, lacks standing to assert a RICO claim on behalf of the estate.

## B.  *RICO Claims Derived from Basil's Probate Estate*

**[5]** Plaintiff also alleges that the administration of Basil's probate estate violated RICO. Since the filing of this appeal, the California state courts have ruled that, as a matter of California probate law, Thelma is not a creditor of Basil's probate estate. *See Spirtos v. Spirtos* (*In re Estate of Basil Spirtos*), EO34900/EO35878 (Cal. Ct. App. Mar. 8, 2005). We are bound by the California state courts' determination that Thelma does not have a claim against Basil's probate estate under the "full faith and credit" clause of 28 U.S.C. § 1738 and the doctrines of collateral estoppel and res judicata. *See Jones v. Bates*, 127 F.3d 839, 848 (9th Cir. 1997) ("[C]ollateral estoppel bars parties from relitigating issues of fact or law that have already been fully and fairly litigated in prior proceedings.").

**[6]** Therefore, Thelma is not a creditor of Basil's probate estate, and consequently she has not been harmed, even indirectly, by any concealment of assets from it.[4] Since the substance of Thelma's RICO actions arising out of the

---

[4]Plaintiff Michelle Spirtos argues in her reply brief that she has standing because, as Basil's daughter, she is an heir under California laws governing intestate succession. However, plaintiffs' RICO complaint only states that she is an "interested party" to the probate estate because of Basil's "outstanding child support" obligations to Thelma. Under California law, "the custodial parent, not the child, has the beneficial interest in collecting arrearages in child support." *County of Shasta v. Smith*, 45 Cal. Rptr. 2d 52, 55 (Ct. App. 1995); *see also In re Marriage of Lackey*, 191 Cal. Rptr. 309, 315 (Ct. App. 1983); *In re Marriage of Utigard*, 178 Cal. Rptr. 546, 551 (Ct. App. 1981). Thus, irrespective of its merits, Michelle's argument that she has standing because of her status as an intestate heir is not properly before us on appeal. *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) ("To state a civil RICO claim, plaintiffs must allege [that the RICO violation] caus[ed] injury to plaintiffs' 'business or property.' ").

administration of Basil's probate estate is that she was harmed by the intentional and improper exclusion of assets from the probate estate, it follows that she lacks standing to pursue these claims as well. *See Or. Laborers-Employers Health & Welfare Trust Fund v. Philip Morris Inc.*, 185 F.3d 957, 963 (9th Cir. 1999) ("[RICO] provide[s] a private right of action for damages only to those individuals 'injured in [their] business or property by reason of' a violation of the law's substantive provisions.") (third alteration in original) (citations omitted).

## III.   CONCLUSION

We affirm the judgment of the district court and hold that, as a creditor, plaintiff lacks standing to raise RICO claims on behalf of Basil's bankruptcy estate because only the bankruptcy trustee has standing to sue on behalf of the estate. Plaintiff's claims against the probate estate must also be dismissed for lack of standing, as she does not have a valid claim against the probate estate under California law.

AFFIRMED.