In re Herb GOETZ and Marlen Horn
Associates, Inc., aka/dba HIT
388, Inc., Debtors.

Samuel R. BIGGS, Chapter
7 Trustee, Plaintiff,

v.

BILJO, INC., Defendant.

Bankruptcy No. LA 91–93774 KL.

Adv. No. LA 94–2300 KL.

United States Bankruptcy Court,
C.D. California.

Nov. 16, 1994.

As Corrected Dec. 7, 1994.

Gregory S. Abrams, Teri M. Marias, Janet Baraad, A.S.K. Financial, Tarzana, CA, for plaintiff Samuel R. Biggs.

Robert A. Brooks, Karen A. Pulliam, Susan D. Praskin, Pulliam & Associates, Los Angeles, CA, for defendant Biljo, Inc.

ORDER DENYING DISMISSAL OF
ADVERSARY PROCEEDING

KATHLEEN T. LAX, Bankruptcy Judge.

*STATEMENT OF FACTS*

Defendant Biljo, Inc. seeks dismissal of this adversary proceeding on the grounds that the complaint filed by Plaintiff, Samuel R. Biggs, Chapter 7 Trustee, was filed after the time to commence such an action had expired under 11 U.S.C. § 546(a). The relevant facts are not in dispute.

The bankruptcy case was commenced under Chapter 11 on October 3, 1991. The case was converted to Chapter 7 and Mr. Biggs was appointed as interim trustee on March 25, 1992. The meeting of creditors pursuant to section 341(a) was held on May 29, 1992. The creditors did not exercise their election under section 702 to elect a trustee. Therefore, Mr. Biggs became the permanent trustee pursuant to section 702(d).

The Trustee filed a Complaint to Avoid and Recover Transfers of Property against Biljo on May 17, 1994. The complaint was filed more than two years after the commencement of the case under Chapter 11 and more than two years after his appointment as interim trustee. It was, however, filed within two years of the date Mr. Biggs became the permanent trustee.

## THE GOVERNING STATUTE

The parties do not dispute that the outcome of this motion is governed by section 546(a) which provides:

"An action or proceeding under section 544, 545, 547, 548 or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed."

Since the case has not been closed or dismissed, this court is asked to determine whether the complaint was filed within the two year limitation imposed by section 546(a)(1).

## STATEMENT OF ISSUES

The proper construction of section 546(a)(1) is at issue not only in this case, but in a number of other proceedings now pending before the court. The basic questions (with some modifications) are articulated by Biljo in its motion as:

1. Whether a Chapter 11 debtor in possession is a "trustee" for purposes of section 546?

2. Are trustees appointed subsequent to a debtor in possession granted a new two-year time period?

3. Does a conversion from Chapter 11 to Chapter 7 restart the statute of limitations?

4. Does the statute of limitations in a Chapter 7 case begin to run from the date a trustee is first appointed as interim trustee under section 701 or from the date that creditors may choose to replace the interim trustee under the election procedures of section 702?

## DISCUSSION

Two recent Ninth Circuit decisions provide insight. In *In re Softwaire Center Int'l., Inc.,* 994 F.2d 682 (9th Cir.1993), the Ninth Circuit held that an avoidance action filed by a debtor in possession two years after the commencement of a Chapter 11 case was barred under section 546(a) on the grounds that section 546(a) must be read in conjunction with section 1107 which "places a debtor in possession in the shoes of a trustee in every way." *Softwaire Center,* 994 F.2d, at 683, quoting from the legislative history found in S.Rep. No. 95–989, 95th Cong., 2nd Sess. 116 (1978), U.S.Code Cong. & Admin.News, 1978, p. 5787.

*Softwaire Center* answers the first question presented in affirmative: a chapter 11 debtor in possession is a trustee for purposes of section 546(a)(1) and subject to a two-year limitation on such causes of action brought by the debtor in possession.

*Softwaire Center* might be construed to be dispositive of the other questions presented but for another, later Ninth Circuit decision, *In re San Joaquin Roast Beef,* 7 F.3d 1413 (9th Cir.1993). In *San Joaquin Roast Beef,* the Ninth Circuit held that a complaint filed by a Chapter 7 trustee within two years of his appointment, but more than two years after the appointment of a Chapter 11 trustee prior to conversion of the case was barred. The Court stated, "We agree with the FDIC that the most logical interpretation of section 546(a) is that the statute of limitations begins running from the date the first trustee is appointed and that all subsequent trustees are subject to the same statute of limitations." *In re San Joaquin Roast Beef,* 7 F.3d, at 1415. Under the facts in *San Joaquin Roast Beef,* the Chapter 7 Trustee's complaint would have been untimely if the statute began to run either from the commencement of the Chapter 11 case or from the appointment of the Chapter 11 trustee in that case.

The uncertainty posed by the *San Joaquin Roast Beef* opinion arises from the fact that the Court could have but did not rest its decision on the fact that more than two years had passed since the debtor in possession became the "trustee" under the provisions of section 1107. Instead, the Court devoted the majority of its opinion to two questions: (1) whether a successor trustee appointed under another chapter has two years from his or her appointment to file an action; and (2) whether the Chapter 7 Trustee's complaint was timely because it was filed within two years from the date the order appointing the

Chapter 11 trustee was entered on the docket. The Court concluded that (1) the two year period did not begin anew on the conversion of the case; and (2) the complaint was untimely because the effective date of the appointment of the Chapter 11 trustee was the date it was signed and filed, May 2, 1988. This latter determination made the Chapter 7 Trustee's complaint at least one day late. The Court affirmatively stated that "[a] plain reading of section 546(a) is that the two-year statute of limitations begins running from the date the first trustee is appointed and that all subsequent trustees are subject to the same two-year statute of limitations. *In this case, then, the statute of limitations began running on the date the Chapter 11 trustee was appointed.*" *San Joaquin Roast Beef*, 7 F.3d at 1416 (emphasis added).

Later decisions in lower courts of the Ninth Circuit have reached different conclusions about the impact of *Softwaire Center* and *San Joaquin Roast Beef*. *In re EPI Products USA, Inc.*, 162 B.R. 1 (Bankr. C.D.Cal.1993) addressed the question of whether a Chapter 7 trustee is afforded a two-year period under section 546(a) after conversion of a case from Chapter 11 where no Chapter 11 trustee had been appointed. The facts in *EPI Products* were particularly "pure" in that the Chapter 7 trustee's complaint was filed well within two years of both the conversion of case from Chapter 11 to Chapter 7 and the date on which the Chapter 7 trustee was appointed, but after the two-year anniversary of the commencement of the Chapter 11 case. Relying on *San Joaquin Roast Beef* for the proposition that the conversion to Chapter 7 did not create a new period under section 546(a) and on *Softwaire Center* for the proposition that section 546(a) applies to debtors in possession and commences on the petition date, the court in *EPI Products* held that the trustee's complaint was barred because the two-year statute of limitations terminated two years from the commencement of a Chapter 11 case.

The district court in *In re Sahuaro Petroleum*, 170 B.R. 689 (C.D.Cal.1994) reached the same result, citing *EPI Products* with approval.

*In re Iron–Oak Supply Corp.*, 162 B.R. 301 (Bankr.E.D.Cal.1993), reached a different result. In *Iron–Oak*, the United States Bankruptcy Court for the Eastern District of California, sitting en banc, addressed whether avoidance actions brought by an estate representative appointed pursuant to a confirmed plan of reorganization in a case in which no trustee had been appointed were time-barred because they were brought two years after the commencement of the Chapter 11 case. The court found the actions to be timely and stated: "The upshot of *Softwaire Center* and *San Joaquin Roast Beef* is that in the Ninth Circuit there are two distinct two-year limitations periods for avoiding actions subject to section 546(a)(1). A debtor in possession gets two years from the date of filing the case. All trustees get two years from the date the first trustee is appointed." *Iron–Oak*, 162 B.R. at 306.

This court agrees with *Iron–Oak*, as did the district court in *In re California Canners and Growers*, 172 B.R. 941 (N.D.Cal.1994). *Softwaire Center* and *San Joaquin Roast Beef* are not inconsistent. These cases answered different questions about the application of section 546(a)(1). The *Iron–Oak* reading of *Softwaire Center* and *San Joaquin Roast Beef* is consistent with the statute and gives effect to the fundamental legislative scheme of maximizing the value of the bankruptcy estate.

Therefore, the second and third questions posed by Biljo are answered as follows: a trustee appointed subsequent to a debtor in possession is granted a new two-year period even though such period exceeds two years from the commencement of the Chapter 11 case; and a conversion from Chapter 11 to Chapter 7 only restarts the statute of limitations if the Chapter 7 trustee is the first trustee appointed in the case.

The fourth question posed by Biljo's challenge to the timeliness of the Chapter 7 Trustee's complaint requires the court to determine the effective date of his appointment for the purpose of starting the two-year period. If it runs from the date of his appointment as interim trustee under section 701, Biljo's motion to dismiss must be granted. If

it runs from the date that he became the permanent trustee under section 702(d), the complaint in this case is timely.

Resolution of this issue begins with the court's duty to look first to the language of the statute. Section 546(a)(1) states that the period in question runs from the earlier of "two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title."

■ In light of this court's reading of *Softwaire Center* and *San Joaquin Roast Beef*, the only impediment to easy application of the "plain meaning" rule of construction is that section 702 speaks of election, not appointment. Section 701(a), which applies to interim trustees, uses the word "appointment." However, one should not disregard the most straight-forward interpretation of a statute unless the perceived ambiguity produces a result that is clearly not intended under the statutory scheme. "The plain meaning of legislation should be conclusive, except in rare cases [in which] the literal application of a statute produces a result demonstrably at odds with the intentions of its drafters." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989), citing *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982).

Several statutory provisions govern the procedure which leads to the authority of a Chapter 7 trustee to act as a trustee. Section 701(a) provides for the United States Trustee to appoint an interim trustee promptly after the order for relief under Chapter 7. Section 702 allows creditors to elect a trustee at the meeting of creditors held pursuant to section 341 and nothing in section 702 precludes creditors from electing the same person who has served as the inter-im trustee. If no trustee is elected, section 702(d) provides that "the interim trustee shall serve as trustee in the case." Section 701(b) provides that the service of an interim trustee terminates when a trustee "elected or designated under section 702" qualifies to serve under section 322. Qualification of a trustee under section 322 requires a trustee "selected" under sections 701 and 702 to file a bond with the court within five days after such selection "before beginning official duties."

These statutory provisions set out a coherent scheme which allows parties in interest to ascertain the effective date of the appointment of a trustee under section 702. Use of the term "appointment" in either section 701 or section 546(a) can only refer to the procedure by which the trustee shall have acquired the requisite authority to act as a trustee under the Bankruptcy Code. Any ambiguity raised by the absence of the term "appointment" in section 702 is resolved by reference to the procedure as a whole.

Section 546(a)(1) can and, therefore, should be read according to its express terms. *Union Savings Bank v. Wolas*, 502 U.S. 151, —— 112 S.Ct. 527, 530, 116 L.Ed.2d 514; (1991); *Toibb v. Radloff*, 501 U.S. 157, 162, 111 S.Ct. 2197, 2200, 115 L.Ed.2d 145 (1991). Congress chose section 702, not 701, as its reference for the commencement of the two-year period afforded to trustees appointed in a Chapter 7 case.

Applying section 546(a)(1) as it is written is consistent with *San Joaquin Roast Beef*. In *San Joaquin Roast Beef*, the first trustee appointed in the case was appointed under Chapter 11. Here, where the first trustee was appointed under Chapter 7, the statute dictates that appointment under section 702, not section 701, begins the trustee's period of limitation under 546(a)(1).[1]

---

1. The Bankruptcy Reform Act of 1994 which began effective on October 22, 1994 amends section 546(a)(1) to read: "(1) the later of—(A) 2 years after the entry of the order for relief; or (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A)." Pursuant to section 702 of this Act, this amendment does not apply to cases commenced under the Bankruptcy Code before the date of its enactment.

Although this amendment does not apply to the case at issue here, it is worthy of note that the application of the plain meaning rule to the question of whether appointment (or election) under section 702 produces a coherent statutory scheme would be less certain under the new provisions. In cases where the two-year limitation under new section 546(a)(a)(A) runs during

*CONCLUSION*

Based on the foregoing, this court finds that Biljo's motion to dismiss should be denied.

the period of six or more weeks between conversion of a case and the first opportunity to elect or appoint a permanent trustee under section 702 at the meeting of creditors, the legislative desire to give an independent trustee a year to pursue avoidance actions for the benefit of the estate will be frustrated. An interim trustee faced with such a deadline will be forced to commence all of the estate's avoidance actions before the deadline expires. Questions about or delays in the effective date of appointment or election under section 702 may become critical.

Notwithstanding these concerns about the new statute, this court is required to construe and apply the law in effect at this time.