## In re FORT WORTH CAMPBELL & ASSOCIATES, INC., Debtor.

**Henry SEALS, Trustee for the Bankruptcy Estate of Fort Worth Campbell & Associates, Inc., Plaintiff,**

**v.**

**Houssein ABEDI, et al., Thomas Abla, et al., R.A. Clonch, et al., Darrell Elliott, et al., Rod Bonham, et al., Frederick Haley, et al., Glen Nabors, et al., Pano's & Paul's Restaurant, et al., Spectra Systems, Inc., et al., Marie Warren, et al., Defendants.**

Bankruptcy No. 492–45653–MT–7.

Adv. Nos. 495–4007 to 495–4016.

United States Bankruptcy Court, N.D. Texas, Fort Worth Division.

May 31, 1995.

### MEMORANDUM OPINION

MASSIE M. TILLMAN, Bankruptcy Judge.

The various Defendants' Motions to Dismiss were heard on April 13, 1995. The Trustee, Henry Seals, filed a series of adversaries to recover pre-petition transfers to numerous Defendants from Fort Worth Campbell Associates, Inc., the Debtor. Many of the Defendants in several of the adversaries filed motions to dismiss alleging that the 11 U.S.C. § 546 statute of limitations for filing adversaries had expired and

therefore they should be dismissed. All of the parties agreed that all of the issues and facts presented were identical in all of the motions to dismiss. All parties filed a joint stipulation of facts for the hearing from which almost all of the facts are taken. This memorandum opinion shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. All code provisions refer to title 11 of the United States Code, unless otherwise indicated.

### *Factual Background*

Fort Worth Campbell & Associates, Inc. filed bankruptcy on December 21, 1992. On that date, the Debtor's attorney, Clifford McMasters, requested the U.S. Trustee to select a Trustee. On the same day, the U.S. Trustee notified Clifford McMasters that Henry Seals would be the Chapter 7 Trustee, whereupon Clifford McMasters contacted the offices of Henry Seals and informed them that Henry Seals had been selected the Chapter 7 Trustee in the Fort Worth Campbell & Associates, Inc. case. On December 30, 1992, the office of the U.S. Bankruptcy Clerk issued a "Notice of the Commencement of Case" to all Movants in this Motion to Dismiss and all the creditors listed on the creditor matrix.

Henry Seals began performing the Chapter 7 Trustee duties as the interim Trustee before January 11, 1993, which would have been two years prior to the Trustee's filing of the involved adversaries on January 11, 1995. The Trustee employed the law firm of Harris, Finley & Bogle, P.C. as Trustee's counsel and they performed services for the Trustee prior to January 11, 1993.

The written appointment of Henry Seals as the *interim* trustee by the U.S. Trustee's Office pursuant to 11 U.S.C. § 701 was dated January 15, 1993 and is on file in the office of the U.S. Bankruptcy Clerk in Dallas, Texas. The section 341 meeting of creditors was held on January 22, 1993. The creditors did not conduct an election for Trustee at the section 341 meeting. Upon the failure of the creditors to elect a trustee, Henry Seals became the *permanent* trustee on January 22, 1993 pursuant to § 702(d).

### *Discussion*

The question presented by these motions to dismiss is: On what date does the statute of limitations begin to run for purposes § 546(a)(1), prior to its amendment by the Bankruptcy Reform Act of 1994? We hold that the determinative date is the date of the appointment of the *permanent* Trustee.

Section 546(a)(1), prior to amendment, stated, in part, as follows:

"(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; ..."

This Court looks to the plain meaning of § 546 to determine when the two-year statute of limitations begins to run. The Supreme Court has said that in interpreting the Bankruptcy Code: "The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989) quoting *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982).

■ In this case, this Court looks to the date that the Trustee is appointed as the *permanent* Trustee to begin the running of the statute of limitations pursuant to § 702. *See In re Maxway Corp.,* 27 F.3d 980, 984 (4th Cir.1994), *cert. denied,* — U.S. —, 115 S.Ct. 580, 130 L.Ed.2d 495 (1994), *In re Goetz,* 175 B.R. 743 (E.D.Pa.1994), *In re Harry Levin, Inc.,* 175 B.R. 560 (Bkrtcy. E.D.Pa.1994), *In re Ted Petras Furs, Inc.,* 172 B.R. 170, 175 (Bkrtcy.E.D.N.Y.1994); *contra In re Sahuaro Petroleum & Asphalt Co.,* 170 B.R. 689 (C.D.Cal.1994) (546(a) statute of limitations begins on the date the Chapter 7 trustee is first appointed *interim* trustee). In *In re MortgageAmerica Corp.,* 831 F.2d 97 (5th Cir.1987), the Fifth Circuit has looked at a similar issue regarding when the § 546 time period begins, in a case where

an order appointing a Trustee *nunc pro tunc* was entered. It is clearly distinguished from the case at bar. Because no written order appointing the Trustee has been entered by this Court, *nunc pro tunc* or otherwise, we will look to § 702 to determine the appointment of the permanent trustee to begin the statute of limitations as delineated by § 546.

■ Section 702 governs the election of a trustee at the § 341 meeting of creditors in a Chapter 7 case. If a trustee is not elected by the creditors at the § 341 meeting, then § 702(d) provides: "... the interim trustee shall serve as trustee in the case." Therefore, section 702(d) *automatically* causes the appointed interim trustee to become the permanent trustee. We concludes that the date the statute of limitations began to run in this case was January 22, 1993, the date of the § 341 meeting of creditors, when Henry Seals became the *permanent* trustee by the failure of creditors to elect a trustee.

The Trustee filed these adversaries on January 11, 1995 within two years of his appointment as the *permanent* Trustee pursuant to § 702.

The Defendants assert that the appointment of the Trustee for purposes of commencing the two year statute of limitations occurred either on December 21, 1992, the date of the Order for Relief when the U.S. Trustee's Office initially chose Henry Seals as the interim trustee, or, on December 30, 1992, the date of the *Notice* of the First Meeting of Creditors issued by the Bankruptcy Clerk's Office, which listed Henry Seals as the Trustee. The Defendants' interpretation of which appointment date begins the two year statute of limitations fails to take into consideration all of § 546(a)(1), which lists the applicable sections under which a Trustee must be appointed to begin running the statute of limitations period.

The Defendants make four arguments urging that earlier dates should be used to begin the statute of limitations. The first three arguments are equitable arguments which are contrary to a plain reading of the applicable statute and the fourth argument does not withstand the scrutiny of the 1994 amending legislation.

The Supreme Court has enunciated the reasoning of statute of limitations as follows:

"Statutes of limitation find their justification in necessity and convenience rather than in logic. They represent expedients, rather than principles. The are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizens from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost. They are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or the voidable and the unavoidable delay." *Chase Securities Corporation v. Donaldson,* 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945).

Congress may have been arbitrary when it chose the occurrences which would commence the two-year statute of limitations, but they did choose and they chose explicitly. This clear intent of Congress counters the Defendants first three arguments. Congress chose the appointment of a Trustee as the *permanent* trustee pursuant to § 702 as the relevant date and not the appointment of a *interim* trustee pursuant to § 701.

While an uninformed member of the public may not know which trustee's appointment, interim or permanent, will commence the running of the statute of limitations, a person who closely reads § 546 before the 1994 amendments, will find specific dates which start the statute of limitations running. Section 546 provides all interested parties adequate notice of the relevant date. It is an easy task in a Chapter 7 case to determine when the § 341 meeting of creditors was or will be held to determine the appointment date of the *permanent* trustee to commence the running of the statute of limitations.

■ The Defendants also argue that the 1994 Bankruptcy Reform Act sheds light on what Congress intended to be the interpretation of § 546(a)(1) prior to October 22, 1994. The House Report stated that "[a]doption of this change is not intended to create any negative inference or implication regarding the status of current law or interpretations of section 546(a)(1)." HR Rep. 103–834, 103rd Cong., 2nd Sess. 23 (Oct. 4 1994); 140 Cong.

Rec. E 2204 (Oct. 8, 1994). This Court concludes the 1994 amendments were not intended to have any effect on pre-amendment interpretations of § 546(a)(1).

The Motions to Dismiss are denied, all other relief not granted herein is denied.