**In re C & R BEER & SODA, INC., Debtor.**

**Gregory MESSER, Successor Trustee of the Estate of C & R Beer & Soda, Inc., Plaintiff,**

v.

**HARBOR DISTRIBUTING CORP., Defendant.**

**Gregory MESSER, Successor Trustee of the Estate of C & R Beer & Soda, Inc., Plaintiff,**

v.

**BOENING BROTHERS, INC. BEER & ALE, Defendant.**

**Bankruptcy No. 188–81846–353.**
**Adv. Nos. 192–1466–353, 192–1472–353.**

United States Bankruptcy Court,
E.D. New York.

Sept. 7, 1995.

Michael T. Sucher, Brooklyn, NY, for plaintiff/Chapter 7 Trustee.

Lazer, Aptheker, Feldman, Rosella & Yedid, Melville, NY, for defendant Harbor Distributing Corp.

Kelley Drye & Warren, New York City by James C. Carr, Susan L. Carney, for defendant Boening Brothers, Inc.

### DECISION ON CROSS–MOTIONS OF DEFENDANTS FOR SUMMARY JUDGMENT ASSERTING FAILURE OF TRUSTEE TO COMMENCE TIMELY AVOIDANCE ACTIONS UNDER 11 U.S.C. § 546(a)

JEROME FELLER, Bankruptcy Judge.

These two adversary proceedings were brought by the Chapter 7 Trustee of C & R Beer & Soda, Inc. ("C & R" or "Debtor"), formerly a retail beer and soda distributor, against product suppliers (collectively "Defendants") to recover alleged preferential payments pursuant to 11 U.S.C. § 547(b). Specifically, the lawsuits seek to recover the aggregate amounts of $653,586.54 and $85,-459.54 paid to Harbor Distributing Corp. ("Harbor") and Boening Brothers, Inc.,[1] ("Boening"), respectively, during the ninety-day period prior to the Chapter 11 case commenced by C & R, which case was later converted to a Chapter 7 case.

The successor Chapter 7 Trustee ("Plaintiff") has moved for partial summary judgment in both adversary proceedings. In re-

---

1. Defendant Boening was incorrectly named as Boening Brothers, Inc. Beer and Ale in Adv. Proc. No. 192–1472–353.

sponse to the motions for partial summary judgment, Defendants filed cross-motions for summary judgment, asserting that the lawsuits are time barred pursuant to 11 U.S.C. § 546(a). Plaintiff opposes the cross-motions. Before the Court for determination, as a threshold matter, is the question as to whether the lawsuits can proceed in the face of the statute of limitations issue raised by the cross-motions.

Defendants contend that 11 U.S.C. § 546(a)(1) bars Plaintiff from pursuing the preference actions because the lawsuits were filed more than two years after the commencement of the Debtor's Chapter 11 case. Further, they argue that once the statute of limitations expired with the running of the two year period from commencement of the Chapter 11 case, the period of limitations cannot be revived or renewed upon the subsequent appointment of a permanent trustee under 11 U.S.C. § 702. Plaintiff, on the other hand, asserts that the preference actions were timely filed within the § 546(a)(1) two year period of limitations in that the adversary proceedings were initiated less than two years after the appointment of a permanent trustee under 11 U.S.C. § 702. We conclude that because these preference actions were filed within two years of the appointment of the first trustee referred to in § 546(a)(1), they are not time barred. Accordingly, Defendants' cross-motions for summary judgment are denied.

## I.

Central to determination of the cross-motions is a chronology of relevant events. The chronology is undisputed and is set forth as follows:

i) July 1, 1988—C & R filed a petition for reorganization under Chapter 11 of the Bankruptcy Code and upon such filing assumed the status of a debtor in possession.

ii) June 22, 1990—The Debtor's Chapter 11 case was converted to a liquidation case under Chapter 7 of the Bankruptcy Code.

iii) August 1, 1990—The first meeting of creditors was held in the Chapter 7 case of the Debtor, at which time the interim trustee appointed by the United States Trustee on June 26, 1990 under 11 U.S.C. § 701 became Chapter 7 Trustee pursuant to 11 U.S.C. § 702(d).

iv) July 27, 1992—The Chapter 7 Trustee commenced the action under 11 U.S.C. § 547(b) against Boening.

v) July 28, 1992—The Chapter 7 Trustee commenced the action under 11 U.S.C. § 547(b) against Harbor.

There was no intervening appointment of a Chapter 11 trustee. Stewardship of the bankruptcy administration passed directly from C & R as debtor in possession to the Chapter 7 Trustee. The Chapter 7 Trustee filed the preference actions within two years of his becoming permanent trustee under § 702, but more than two years after commencement of C & R's Chapter 11 case.

## II.

Section 546(a) of the Bankruptcy Code, 11 U.S.C. § 546(a), imposes time limitations on a trustee's exercise of his avoidance powers. The provisions of § 546(a) prior to its amendment by the Bankruptcy Reform Act of 1994, which provisions govern these proceedings, read as follows:

An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after appointment of a trustee under section 702, 1104, 1163, 1202, or 1302 of this title; or

(2) the time the case is closed or dismissed.

The C & R bankruptcy case has not been closed or dismissed and therefore the relevant provision is § 546(a)(1). The core legal issue to be resolved is whether a Chapter 7 trustee, who is the first trustee appointed in a case converted from Chapter 11 to Chapter 7, must initiate an avoidance action within two years of the date the Chapter 11 petition was filed, or may commence such litigation within two years of his appointment under § 702. Plaintiff relies on the plain language of § 546(a)(1) to establish the timeliness of the two preference complaints. The clear language of § 546(a)(1) provides that avoidance actions are timely if commenced within two years of the appointment of a trustee.

The Chapter 7 Trustee was appointed trustee under § 702 on August 1, 1990 and commenced the instant lawsuits on July 27, 1992 and July 28, 1992, within two years of his appointment. Thus, Plaintiff asserts that the preference actions against Harbor and Boening were timely filed. The Court agrees.

The Supreme Court has instructed that, with rare exceptions, courts should interpret the Bankruptcy Code according to the statute's plain meaning so long as the provision at issue is unambiguous. *See United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 240–42, 109 S.Ct. 1026, 1030–31, 103 L.Ed.2d 290 (1989). When a trustee has been appointed under "section 702, 1104, 1163, 1302 or 1202" of the Bankruptcy Code, § 546(a)(1) is not ambiguous. By its plain language, § 546(a)(1) surely allows the first statutorily appointed trustee two years to commence an avoidance action. The Chapter 7 Trustee herein, representing the first and only statutorily appointed trusteeship in this bankruptcy case, commenced the actions within two years of his appointment under § 702. Accordingly, we believe that the Chapter 7 Trustee's preference actions under § 547(b) against Defendants are timely.

### III.

Notwithstanding the plain language of § 546(a)(1), Defendants launch a vigorous attack on the timeliness of the complaints. The two year statute of limitations, they argue, began to run with the filing of C & R's Chapter 11 petition on July 1, 1988 and expired on July 1, 1990. Once the two year limitations period expired on July 1, 1990, so the argument goes, it could not be revived or renewed upon the appointment of the Chapter 7 Trustee on August 1, 1990. Thus, the complaints filed by the Chapter 7 Trustee on July 27 and 28, 1992, according to Defendants, were time barred. To understand Defendants' stance some background is necessary.

Since enactment of the Bankruptcy Code in 1979, few issues have generated the plethora of rulings as has the issue of whether the two year statute of limitations applies to a debtor in possession. Plainly, § 546(a)(1) contains no reference to a debtor in possession. Considered in isolation from other provisions of the Bankruptcy Code, § 546(a) would seem to direct that the running of the statute of limitations is triggered by the actual appointment of a trustee or the closing or dismissal of the case. Relying on the absence of any reference to "debtor in possession" in § 546(a)(1), the prevalent view of the lower courts which considered the issue was that the term "trustee" in § 546(a)(1) does not place any time limitations on a debtor in possession's right to file an avoidance action. The two year statute of limitations, according to this view, was activated only upon appointment of a trustee.

In recent years, however, the issue has reached the courts of appeal, resulting in reported decisions by the Courts of Appeal for the Second, Third, Fourth, Ninth and Tenth Circuits. All but one of the five circuits considering the issue have concluded that the two year statute of limitations contained in § 546(a)(1) is applicable to a debtor in possession and commences to run upon the voluntary filing of a Chapter 11 petition. *U.S. Brass & Copper Co. v. Caplan (In re Century Brass Products, Inc.),* 22 F.3d 37 (2d Cir.1994); *Construction Management Services, Inc. v. Manufacturers Hanover Trust Co. (In re Coastal Group, Inc.),* 13 F.3d 81 (3rd Cir.1994); *Upgrade Corp. v. Government Technology Services Inc. (In re Software Centre International, Inc.),* 994 F.2d 682 (9th Cir.1993); *Zilkha Energy Co. v. Leighton,* 920 F.2d 1520 (10th Cir.1990), *aff'd on appeal after remand,* 999 F.2d 548 (10th Cir.1993); *contra, Maurice Sporting Goods Inc. v. Maxway Corp. (In re Maxway Corp.),* 27 F.3d 980 (4th Cir.), *cert. denied,* ⸺ U.S. ⸺, 115 S.Ct. 580, 130 L.Ed.2d 495 (1994).

The Second, Third, Ninth and Tenth Circuits observed that 11 U.S.C. § 546(a)(1) cannot be read alone, but instead must be read in conjunction with 11 U.S.C. § 1107(a)[2]

**2.** Section 1107(a), in relevant part, provides as follows:

> Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court pre-

which not only gives the debtor in possession, like a trustee, authority to bring an avoidance action but also imposes on the debtor in possession all the limitations imposed on a trustee, including the two year period of limitations contained in § 546(a)(1). As stated by the Second Circuit in *Century Brass Products*:

> This language [in § 1107(a)] plainly allows a DIP to exercise the same power a trustee would have to bring a preference—avoidance action. It equally plainly, however, subjects the DIP exercising the powers of the trustee to "any" restrictions that the Code imposes on trustees. We see no basis in the Code for carving out of this blanket provision an exception for § 546(a)'s statute of limitations. Accordingly, we read § 1107(a)'s authorization for a DIP to act "[s]ubject to any limitations on a trustee" to mean that the statute of limitations applicable to a trustee also applies to a DIP.

*Century Brass Products*, 22 F.3d at 39. The Second Circuit further observed that this interpretation is consistent with the legislative history of § 1107 which states:

> [T]his section places a debtor in possession in the shoes of a trustee *in every way*. The debtor is given the rights and powers of a chapter 11 trustee. He is required to perform the functions and duties of a chapter 11 trustee (except investigative duties). He is also subject to *any* limitations on a chapter 11 trustee....

22 F.3d at 40 (Quoting S.Rep. No. 989, 95th Cong. 2nd Sess. 116 (1978) (emphasis added), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5902).

Defendants argue that since the Second Circuit in *Century Brass Products* and three other Circuit Courts of Appeal have determined that the statute of limitations commences with the filing of a Chapter 11 petition when the filing entity becomes a debtor in possession, the statute of limitations, once running, should not recommence when an appointed trustee follows a debtor in possession. Such a conclusion is compelled, according to Defendants, because a debtor in possession is deemed a trustee. Since that

scribes, a debtor in possession shall have all the rights ... and powers, and shall perform

trustee, i.e., a debtor in possession, is required to initiate avoidance actions within two years after the filing of a Chapter 11 case, any subsequently appointed trustee is bound by that time period.

The holdings of the Second, Third, Ninth and Tenth Circuits do not mandate the conclusion Defendants would urge this Court to reach. All of these cases involved debtors in possession; there were no trustees appointed in any of them. The Courts of Appeal were grappling solely with the issue as to whether under the statutory scheme of the Bankruptcy Code there were no limitations at all on a debtor in possession's avoidance powers, while a trustee exercising the same powers was limited to two years. None of the cases addressed the issue whether the statute of limitations begins to run anew, upon the subsequent appointment of a trustee, in a case commenced initially under Chapter 11 with debtor in possession. All the cases were meticulously careful to leave no doubt in this regard. *In re Century Brass Prods., Inc.*, 22 F.3d 37, 41 ("[S]ince no trustee was ever appointed in the present case, we need not decide whether such appointment might revive a claim that the DIP itself would have been barred from bringing."); *In re Coastal Group, Inc.*, 13 F.3d at 86 n. 7 ("We do not need to reach the question whether a trustee appointed more than two years after the Chapter 11 case began may commence adversary proceedings."); *Zilkha Energy Co. v. Leighton*, 920 F.2d 1520, 1524 n. 11 ("We take no position on whether a subsequent appointment of a trustee in a chapter 11 case would change the analysis. While we perceive that to be a distinguishable circumstance requiring a different analysis, we leave the issue for a case in which that situation arises."); *In re Softwaire Centre International, Inc.*, 994 F.2d 682, 683 ("Here the case has not been closed or dismissed, nor has a trustee been appointed. Instead, SCI is a debtor in possession.")

## IV.

It is Defendants' position that under § 546(a)(1), the statute of limitations com-

all the functions and duties ... of a trustee serving in a case under this chapter.

mences to run against a debtor in possession upon the filing of a Chapter 11 petition, and a new two year period does not recommence upon the appointment of even the first statutory trustee. To construe § 546(a)(1) in that fashion is to effectively read the "after the appointment of a trustee" language out of the statute. *See Sapir v. Green Forest Lumber Ltd. (In re Ajayem Lumber Corp.)*, 145 B.R. 813, 816 (Bankr.S.D.N.Y.1992). This is impermissible. It is an "elementary cannon of construction that a statute should be interpreted so as not to render one part inoperative." *Colautti v. Franklin,* 439 U.S. 379, 392, 99 S.Ct. 675, 684, 58 L.Ed.2d 596 (1979). Moreover, nothing in the language of § 546(a)(1) suggests that the statute of limitations applicable to a debtor in possession should be "tacked" or "added" to tabulate the two year limitations period for a subsequently appointed trustee, *Mazze v. Wilmington Savings Fund Soc., F.S.B. (In re Austin Truck Rental, Inc.)*, 177 B.R. 827, 832 (Bankr.E.D.Pa.1995); *Gazes v. Kesikrodis (In re Ted A. Petras Furs, Inc.)*, 172 B.R. 170, 174 (Bankr.E.D.N.Y.1994); *Reese v. First Tennessee Bank, N.A. (In re Brooke Meade Health Care Center, Inc.)*, 165 B.R. 195, 197 (Bankr.M.D.Tenn.1994).

Defendants, however, contend that because the debtor in possession is the functional equivalent of a trustee, the two year limitations period began to run with C & R's Chapter 11 filing and does not recommence upon conversion and the subsequent appointment of a Chapter 7 trustee. The short answer to this argument is, as indicated above, the plain language of § 546(a)(1) supports the conclusion that a limitations period begins to run when a trustee is appointed ("two years after appointment of a trustee").

Further, apart from the plain language of § 546(a)(1), Defendants' argument does not withstand analysis. Functional equivalence should not be confused by equating a debtor in possession with a trustee. Although it is true that under § 1107(a), debtors in possession have the rights, powers and duties of trustees, *de facto* they too often do not behave as trustees. This should not be surprising. A trustee is an independent, disinterested person; a debtor in possession is nei-

ther independent nor disinterested. Thus, a debtor in possession has peculiar features and interests that sometimes conflict with, and are often inconsistent with, the vigorous exercise of avoidance powers. *Nigro v. Pittsburgh Post–Gazette (In re The Appliance Store, Inc.)*, 171 B.R. 525, 527 (Bankr. W.D.Pa.1994); *Grabscheid v. Knox Metals Corp. (In re Luria Steel and Trading Corp.)*, 168 B.R. 913, 917 (Bankr.N.D.Ill.1994). Moreover, because a debtor in possession is the "functional equivalent" of a trustee where no trustee is appointed does not mean the same is true when a trustee is appointed. A debtor in possession may lack the incentive to prosecute avoidance actions. Commencement of a two year limitations period upon appointment of a trustee allows an independent estate representative to investigate potential avoidance actions, evaluate earlier inactions of the debtor in possession and bring suit where appropriate. The fundamental error of Defendants' functional equivalent argument was aptly described by a colleague in the Southern District of New York, the Honorable Jeffrey H. Gallet, as follows:

> The interpretation that the defendants urge is akin to all apples are fruit therefore all fruits are apples. That is, since all DIPs are trustees, therefore, all trustees are DIPs. The Defendants would then be arguing that section 1107(a) should be construed as implying that the trustee is the "functional equivalent" of a DIP.... This is an interpretation I am not willing to embrace.

*Young v. Paramount Communications, Inc. (In re Wingspread Corp.)*, 178 B.R. 938, 943 (Bankr.S.D.N.Y.1995) [Citation Omitted]. Neither is this Court willing to endorse such a perversion of the concept of a trustee in bankruptcy cases.

Conceptually, under the statutory scheme of the Bankruptcy Code there are two separate or distinct limitation periods. One two year limitations period is commenced upon the filing of a Chapter 11 petition and runs only against a debtor in possession. This period of limitations flows from the limitations placed upon a debtor in possession under § 1107. The other two year period is commenced upon the appointment of the first

statutory trustee under any of the sections enumerated in § 546(a)(1). *See In re Austin Truck Rental, Inc.,* 177 B.R. 827, 833; *Steege v. Helmsley–Spear, Inc. (In re Superior Toy & Manufacturing Co., Inc.),* 175 B.R. 693, 695–96 (Bankr.N.D.Ill.1994); *Biggs v. Biljo, Inc. (In re Goetz),* 175 B.R. 743, 745 (Bankr. C.D.Cal.1994); *England v. Nestle Food Co. (In re California Canners and Growers),* 172 B.R. 941, 943–44 (N.D.Cal.1994); *In re Appliance Store, Inc.,* 171 B.R. 525, 527; *In re Luria Steel and Trading Corp.,* 168 B.R. 913, 917; *Liebersohn v. Rental Tools/Equipment (In re Nelson Co.),* 167 B.R. 1018, 1022 (Bankr.E.D.Pa.1994); *Iron–Oak Supply Corp. v. Nibco, Inc. (In re Iron–Oak Supply Corp.),* 162 B.R. 301, 306 (E.D.Cal.1993). The net operative effect of this statutory scheme is that the two year statute of limitations begins to run with the filing of a Chapter 11 petition unless a trustee has been appointed, whereby it begins to run anew with the appointment of that trustee.

■ Defendants contend that two separate statute of limitations, one for a debtor in possession and one for an appointed trustee, contradicts the purpose of imposing a statute of limitations, i.e., to close the door against litigation and to provide finality to persons who may have received avoidable transfers. This argument is an invalid one. It does not offend the concept of a statute of limitations that different plaintiffs may be entitled to bring an action attacking the same transaction at different times. *In re Superior Toy & Manufacturing Co. Inc.,* 175 B.R. 693, 697–98; *In re California Canners and Growers,* 172 B.R. 941, 944; *In re Luria Steel and Trading Corp.,* 168 B.R. 913, 917; *In re Iron–Oak Supply Corp.,* 162 B.R. 301, 306. The Supreme Court has explained that statutes of limitation "represent a public policy about the privilege to litigate." *Chase Sec. Corp. v. Donaldson et al.,* 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945). Providing an appointed trustee who succeeds a debtor in possession to the superintendence of a bankruptcy estate with a separate statute of limitations is in accord with the public policy of allowing a totally disinterested person to independently investigate potential avoidance actions and bring suit, where appropriate, free of the conflicts of interest or purpose that a debtor in possession may have.

Defendants lay great stress on the appointment of the Chapter 7 Trustee on August 1, 1990, one month beyond the two year anniversary of C & R's superseded Chapter 11 case. On this premise, they assert that because the statute of limitations expired with the running of the two year period commencing with the Chapter 11 case, the period of limitations cannot be revived or renewed upon the subsequent appointment of a trustee. Our interpretation of separate limitation periods eliminates any necessity to construe the two year limitations period running against a debtor in possession as being "revived" or "renewed" upon the subsequent appointment of a trustee. It simply begins to run upon the first appointment of a trustee under § 546(a)(1). *See Styler v. Conoco, Inc. (In re Peterson Distributing, Inc.),* 176 B.R. 584, 590 (Bankr.D.Utah 1995).

### V.

■ In support of its position that the two preference actions initiated by the Chapter 7 Trustee against Harbor and Boening are time barred, Defendants cite *Ford v. Union Bank (In re San Joaquin Roast Beef),* 7 F.3d 1413 (9th Cir.1993). Defendants point out that the Ninth Circuit in *San Joaquin Roast Beef* concluded, just as Defendants argue here, that the two year statute of limitations did not begin to run anew upon conversion of a Chapter 11 case to one under Chapter 7 and the appointment of Chapter 7 trustee.

Defendants reliance on *San Joaquin Roast Beef* is misplaced. Not only is this case inapposite, but actually supports the timeliness of the instant avoidance actions. In *San Joaquin Roast Beef,* there was an appointment of an intervening Chapter 11 trustee under 11 U.S.C. § 1104 prior to conversion of the case to Chapter 7 and the appointment of a Chapter 7 trustee. The Chapter 7 trustee brought a preference action within two years of his appointment, but more than two years after the debtor filed its Chapter 11 petition and more than two years after appointment of the Chapter 11 trustee. The Ninth Circuit in *San Joaquin Roast Beef*

concluded that, under these facts, the two year statute of limitations did not run anew in favor of the Chapter 7 trustee and his preference action was dismissed as untimely. The applicable two year statute of limitations, the Ninth Circuit held, began running on the date the Chapter 11 trustee was appointed and expired two years thereafter. The Court articulated its rationale as follows:

> [T]he most logical interpretation of section 546(a) is that the statute of limitations begins running from the date the first trustee is appointed and that all subsequent trustees are subject to the same statute of limitations. This result makes sense given the policy that underlies all statutes of limitation: prevention of the bringing of overly stale claims.

*In re San Joaquin Roast Beef,* 7 F.3d 1413, 1415; *Accord, McCuskey v. Central Trailer Services, Ltd.,* 37 F.3d 1329 (8th Cir.1994).

■ A unitary two year period of limitations must be shared by disinterested estate representatives, be they Chapter 11 trustees or Chapter 7 trustees. Multiple periods of limitation for appointed trustees are not permissible. However, there is nothing in *San Joaquin Roast Beef* suggesting that where, as here, a Chapter 11 case proceeds to convert to Chapter 7, absent the prior appointment of a Chapter 11 trustee, that the trustee appointed under Chapter 7 does not have two years from his appointment to commence avoidance actions. On the contrary, implicit in the *San Joaquin Roast Beef* ruling is that a Chapter 7 trustee, who is the "first trustee" appointed after conversion of a Chapter 11 case, has a fresh two year period to bring avoidance actions.[3]

## VI.

■ Defendants propound an alternative argument, suggesting that if the Court determines the statute of limitations period began to run anew upon appointment of the Chapter 7 Trustee, the two year limitations period runs from the date the Chapter 7 Trustee was appointed interim trustee. The Chapter 7 Trustee was appointed interim trustee on June 26, 1990 and these preference actions were initiated on July 27 and July 28, 1992, more than two years after the appointment of the interim trustee, and hence, according to Defendants, are time barred.

This argument cannot be sustained. First, the reference to § 702 of the Bankruptcy Code in § 546(a)(1) and not § 701, the interim trustee provision, eliminates any question that it is the date of appointment of a permanent trustee in a Chapter 7 case, and not an interim appointment, which trips the clock on the statute of limitations. This makes good sense. An interim trustee is expected to do little more than to protect assets of the estate and ensure continuity of estate administration until the first meeting of creditors. Indeed, courts are in virtual unanimity that the phrase "appointment of a trustee" employed by § 546(a)(1), in the Chapter 7 context, refers to the appointment of a permanent trustee and not an interim trustee. *Seals v. Abedi (In re Fort Worth Campbell & Associates, Inc.),* 182 B.R. 748 (Bankr. N.D.Tex.1995); *Styler v. Conoco, Inc. (In re Peterson Distributing, Inc.),* 176 B.R. 584, 590–91; *Biggs v. Biljo, Inc. (In re Goetz),* 175 B.R. 743, 746; *Gazes v. Kesikrodis (In re Ted A. Petras, Inc.),* 172 B.R. 170, 175–76;

---

**3.** Defendants refer to decisions of two lower courts in the Ninth Circuit holding that the period of limitations set forth in § 546(a)(1) expires two years after filing of a Chapter 11 petition, irrespective of conversion to Chapter 7 and the appointment of a Chapter 7 trustee. *Dumas v. Research Testing Lab, Inc. (In re EPI Products USA, Inc.),* 162 B.R. 1 (Bankr.C.D.Cal.1993); *Clark Oil and Trading Co. v. Haberbush (In re Sahuaro Petroleum & Asphalt Co.),* 170 B.R. 689 (C.D.Cal.1994) (Agreeing with the reasoning, and therefore adopting the conclusion reached in *EPI Products USA, Inc.).* These decisions have been rejected by other lower courts in the Ninth Circuit and widely criticized as misinterpretations of the Ninth Circuit rulings in *In re Softwaire*

*Centre, supra,* and *In re San Joaquin Roast Beef, supra. Witcosky v. Clinical Options, Inc. (In re Allen Care Centers, Inc.),* 182 B.R. 49 (D.Or. 1995); *England v. Whitney (In re California Canners & Growers),* 175 B.R. 346 (9th Cir. BAP 1994); *Biggs v. Biljo, Inc. (In re Goetz),* 175 B.R. 743 (Bankr.C.D.Cal.1994); *England v. Nestle Food Co. (In re California Canners and Growers),* 172 B.R. 941 (N.D.Cal.1994); *Daff v. Regal Recovery, Inc. (In re Continental Capital & Credit, Inc.),* 158 B.R. 828 (Bankr.C.D.Cal.1993); *see also Mazze v. Wilmington Savings Fund Soc., F.S.B. (In re Austin Truck Rental, Inc.),* 177 B.R. 827, 833–34 (Bankr.E.D.Pa.1995) (Explaining Ninth Circuit precedent and flaws of *EPI Products USA and Sahuaro Petroleum & Asphalt Co.).*

*Varalli v. PTL Intermodal (In re Metro Shippers, Inc.),* 95 B.R. 366, 368–69 (Bankr. E.D.Pa.1989); *McColley v. Jacobs (In re North American Dealer Group, Inc.),* 62 B.R. 423, 426 (Bankr.E.D.N.Y.1986); *Teitelbaum v. Equitable Handbag Co. (In re Outlet Dep't Stores, Inc.),* 49 B.R. 536, 538 (Bankr.S.D.N.Y.1985); *Michalski v. Singer (In re Sin–Ko, Inc.),* 48 B.R. 180 (Bankr. N.D.Ohio 1985); *Salomon v. Pan American World Airways, Inc. (In re Black & Geddes, Inc.),* 35 B.R. 827 (Bankr.S.D.N.Y.1983); *Fitzgerald v. Bertram (In re Killian Const. Co., Inc.),* 24 B.R. 848 (Bankr.D.Idaho 1982); *contra Clark Oil and Trading Co. v. Haberbush (In re Sahuaro Petroleum & Asphalt Co.),* 170 B.R. 689, 693–94.

## VII.

■ The Bankruptcy Reform Act of 1994 (effective October 22, 1994), Pub.L. No. 103–394, § 216, 108 Stat. 4106, 4126–27, amended Bankruptcy Code § 546(a) so that it now reads as follows:

> (a) An action or proceeding under section 544, 545, 547, 548 or 553 of this title may not be commenced after the earlier of—
>
> (1) the later of—
>
> (A) 2 years after the entry of the order for relief; or
>
> (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
>
> (2) the time the case is closed or dismissed.

Under the amended § 546(a)(1), a two year period of limitation commences with entry of an order for relief, or a one year period commences after the appointment or election of the first trustee, if such appointment or election occurs before expiration of the original two year period. Under this new provision, the limitations period expires two years from the filing of the bankruptcy petition or one year following appointment of the trustee (if appointed within the two year period),

whichever is later. Accordingly, the Chapter 7 Trustee's preference action against Harbor & Boening would have been barred under the new law.

Though these preferences actions are controlled by the Bankruptcy Code in effect prior to the 1994 amendments,[4] Defendants contend that the amended § 546(a)(1) should instruct the resolution of the pending timeliness issue. They assert that the prior § 546(a)(1) is not clear and where a statute is ambiguous, subsequent legislation enacted by Congress carries substantial weight in construing the meaning of the earlier statute. We do not quibble with this general principle of statutory construction. However, it is inapplicable here. First there is no ambiguity in the prior § 546(a)(1) as applied to the timeliness issue in respect of these preference actions. On its face, prior § 546(a)(1) allows a first and only trustee appointed under any of the sections of the Bankruptcy Code enumerated therein, two years to commence avoidance actions whenever such trustee was appointed. We decline to countenance the utilization of a general canon of statutory construction to bootstrap an argument that modifies the plain language of § 546(a)(1) which is applicable to these preference actions.

Further, on October 7, 1994, Congressman Jack Brooks of Texas, a sponsor of H.R. 5116, the bill in the House of Representatives which became the Bankruptcy Reform Act of 1994, clarified his earlier section-by-section analysis of H.R. 5116 by deleting the entire statement pertaining to § 216 of the bill and inserting in lieu thereof, in part, the following language:

> Adoption of this change [to § 546(a)(1)] is not intended to create any negative inference or interpretations of section 546(a)(1).

140 Cong.Rec. E 2204–01 (daily ed. Oct. 8, 1994).

For all of the foregoing reasons, we conclude that preference actions against Harbor and Boening initiated by the Chapter 7 Trustee more than two years after the Debt-

---

**4.** Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, § 702(a) and (b) (no retroactive effect of this new legislation).

or filed its superseded Chapter 11 case, but within two years after appointment of the Chapter 7 Trustee, were timely. Accordingly, Defendants' cross-motions for summary judgment are denied.

**SEPARATE ORDERS CONSISTENT WITH THIS DECISION ARE BEING ENTERED SIMULTANEOUSLY HEREWITH.**