McKEOWN, Circuit Judge,
concurring in part and dissenting in part:
In this issue of first impression before the Ninth Circuit, the clear language of the statute, 11 U.S.C. § 546(a) (1994),[1] mandates that the limitations period begins to run at the time of appointment of the permanent trustee under § 702. The statute says nothing about § 701 (interim trustee) and neither should we-to do so is to rewrite the statute. While I agree that the unsecured creditors had standing to pursue these claims, I respectfully disagree with the majority’s conclusion that those claims are time-barred because the statute of limitations begins to run upon appointment of an interim trustee under § 701.
As the Supreme Court reminded us in interpreting the Bankruptcy Code in United States v. Ron Pair Enterprises, Inc.,
[t]he task of resolving the dispute over the meaning of [the bankruptcy statute] begins where all such inquiries must begin: with the language of the statute itself. In this case it is also where the inquiry should end, for where, as here, the statute’s language is plain, “the sole function of the courts is to enforce it according to its terms.”
489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (citations omitted). Here, too, a plain reading of the statute should end the inquiry. Section 546(a) expressly states that the statute of limitations commences when a trustee under § 702, not § 701, takes office:
(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of-
*1035 (1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302 or 1202 of this title; or (2) the time the case is closed or dismissed.
11 U.S.C. § 546(a) (emphasis added).
The majority’s holding ignores the explicit reference to § 702 and instead reads § 701 into the statute. Under the majority’s analysis, the statute would now read:
two years after the appointment of a trustee under 701, 702, 1104, 1163, 1302 or 1202....
This wholesale revision of the statute through insertion of an additional, specific statutory reference runs contrary to basic rules of statutory construction. Expresso unius est exclusio alterius. The statute is unambiguous and needs no judicial flourishes for interpretation.
No other circuit court has directly addressed this issue.[2] The Ninth Circuit Bankruptcy Appellate Panel and virtually every district and bankruptcy court faced with the issue have rejected the majority’s view.[3] Two leading bankruptcy treatises are in accord. See 3 William L. Norton, Jr., Norton Bankruptcy Law and Practice, § 56:1 (2d ed. 1996) (“Since the appointment of an interim trustee under § 701 is not mentioned within Code § 546(a), it should be clear that a permanent appointment was intended.”); 5 Lawrence P. King, Collier on Bankruptcy, ¶ 546.02[2][a] (15th ed. 1999) (“Subparagraph (B) [of § 546(a)(1) as amended] refers only to appointment or election of a trustee under § 702 and not to § 701.”).
The purpose of a statute of limitations is to cabin the period of time that a party is at risk of suit. On the flip side, the statute defines the period in which a party must commence suit. In the case of a proceeding under Chapter 7, the suit must be commenced no more than “two years after the appointment of a trustee under section 702....” 11 U.S.C. § 546(a). Instead of focusing on the statute’s clear trigger point for initiation of the two-year period, the majority instead engages in a discussion of whether a § 701 interim trustee is the “functional equivalent” of a § 702 permanent trustee. Even if that were the case, which I do not concede, it is irrelevant. The statute says nothing about § 701 and the clear trigger is the qualification, of a permanent trustee under § 702. Functional equivalency analysis has no role in the interpretation of this unambiguous statute.
Not only does the statute dictate this result, it is also a practical outcome. Although interim trustees usually become permanent trustees, it is not true in every case. Either substantive or scheduling *1036 conflicts may preclude service as a § 702 trustee, or the creditors may vote for a different permanent trustee, or there may be a dispute over appointment of the trustee. As a practical matter, the interim trustee is a temporary caretaker. See In re Lucas Dallas, 185 B.R. at 805.
The majority overlooks the importance of the meeting of creditors pursuant to 11 U.S.C. § 841 as a distinguishing factor between § 701 interim trustees and § 702 permanent trustees. At the § 341 meeting, the permanent trustee is determined either through an election by the creditors or, if no election is held, by automatically making the interim trustee the permanent trustee. See 11 U.S.C. § 702(c)-(d). As trustee elections are relatively rare, a key purpose of the meeting is to examine the debtor. See 3 Collier at ¶ 341.01; 5 Collier at ¶ 546.02(2)(a)(i). This examination under oath enables “creditors and the trustee to determine if assets have improperly been disposed [of] or concealed.” In re Conco Bldg. Supplies, 102 B.R. at 192 (quoting legislative history of 11 U.S.C. § 343, H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 332 (1977)). It is no accident that this investigative kick-off, which is contemporaneous with the designation of the permanent trustee under § 702, triggers the statute of limitations. As such, courts and commentators underscore the significance of the § 341 meeting as the logical starting point for the statute of limitations under § 546.[4]
Although the majority claims to discern “the most logical reading of § 546(a) that is consistent” with Ford v. Union Bank (In re San Joaquin Roast Beef), 7 F.3d 1413 (9th Cir.1993), and Upgrade Corporation v. Government Technology Services, Inc. (In re Softwaire Centre International, Inc.), 994 F.2d 682 (9th Cir.1993), the problem is that those cases are not on point, let alone controlling precedent. Neither case addressed the issue of whether, in an original Chapter 7 proceeding, the statute of limitations begins running when a § 701 interim trustee takes office. Instead, those cases involved Chapter 11 trustees and debtors in possession, not § 701 interim trustees.
San Joaquin Roast Beef arose in the context of a conversion from Chapter 11 to Chapter 7, a wholly inapposite circumstance. We considered whether a trustee appointed under § 1104, a section specified in § 546(a), triggered the statute of limitations or whether the statute began to run anew upon conversion to Chapter 7. The majority takes out of context San Joaquin Roast Beef’s statement that the statute of limitations in § 546(a) commences on “the date the first trustee is appointed,” to support its position that the limitations period begins upon appointment of the § 701 trustee as the “first trustee.” San Joaquin Roast Beef did not address the interplay between § 701 and § 702. The majority’s extension of San Joaquin Roast Beef’s language nullifies the express inclusion of § 702 in § 546(a). Every original Chapter 7 case starts with an interim trustee under § 701 who is then succeeded by a § 702 trustee. 11 U.S.C. § 701. If election of a § 701 interim trustee were the trigger, what would be the point of including § 702 in the statute? Just as we professed in San Joaquin Roast Beef to leave policy considerations to Congress and to follow a plain reading of the statute (7 F.3d at 1416), we should leave well enough alone here.
The other case relied on by the majority, Softwaire Centre, is neither controlling nor instructive, as it involved a totally different issue-a debtor in possession under Chapter 11. Although the majority attempts to extrapolate Softwaire Centre’s “functional equivalency” approach to this Chapter 7 case, analogy is no substitute for the clear statutory language.
*1037 Nor am I persuaded by the majority’s logic that an exclusion of § 701 from § 546(a) would somehow read the term “appointment” out of the statute. The majority intimates that because § 702 uses the term “election” rather than “appointment” of a permanent trustee,' “appointment” must therefore refer to the § 701 interim trustee. “Appointment” is a broad, generic term which, in this context, means designation of the trustee. Reading “appointment” to encompass both the concept of “election” of a trustee under § 702(c), as well as the default selection of the interim trustee as the permanent trustee under § 702(d), is a common sense application of the English language.[5] See BLACK’S LAW DICTIONARY 99 (6th ed.1990) (defining “appointment” as “[t]he designation of a person, by the person or persons having authority therefor, to discharge the duties of some office or trust”).[6] To suggest, as the majority does, that ambiguity in the term “appointment” opens the door to rewriting the statute to include § 701 turns the plain meaning doctrine on its head.
Because the majority’s holding is at odds with a plain reading of § 546(a), I respectfully dissent.

. Congress amended 11 U.S.C. § 546(a) in 1994, but did not add § 701 to the statute. Unless otherwise noted, all statutory references are to the pre-1994 version of Title 11 of the U.S.Code.

. In dicta, the Fourth Circuit stated that, in a Chapter 7 proceeding, the selection of a permanent trustee under § 702 is the starting point for the statute of limitations. See Maurice Sporting Goods, Inc. v. Maxway Corp. (In re Maxway Corp.), 27 F.3d 980, 984 (4th Cir.1994) (holding in a Chapter 11 case that statute of limitations "does not begin to run until the appointment of one of the trustees specified in § 546(a)(1)” but noting in dicta that in a Chapter 7 proceeding, the statute of limitations “does not begin to run until a permanent trustee is selected pursuant to 11 U.S.C.A. § 702”).

. See, e.g., General Electric Capital Auto Lease, Inc. v. Broach (In re Lucas Dallas, Inc.), 185 B.R. 801, 805-06 (B.A.P. 9th Cir.1995); Kroh v. T.R.M. Mfg. (In re Conco Bldg. Supplies, Inc.), 102 B.R. 190, 192 (B.A.P. 9th Cir.1989); Mendelsohn v. Sequa Financial Corp. (In re Frank Santora Equip. Corp.), 231 B.R. 486, 492 (E.D.N.Y.1999); Hirsch v. Union Trust Co. (In re Colonial Realty Co.), 229 B.R. 567, 572 (Bankr.D.Conn.1999); Compass Bank v. Reynolds, 1996 WL 673618, at *3 (N.D.Ala.1996); Huennekens v. Greene (In re Francis R. Dove), 199 B.R. 342, 347 (Bankr.E.D.Va.1996); Damir v. Trans-Pacific Nat’l Bank (In re Raymond Kong et al.), 196 B.R. 167, 170 (N.D.Cal.1996); Seals v. Abedi (In re Fort Worth Campbell & Assoc., Inc.), 182 B.R. 748, 750 (Bankr.N.D.Tex.1995); Field v. Montgomery County, Md. (In re Anton Motors, Inc.), 177 B.R. 58, 60-61 (Bankr.D.Md.1995); Styler v. Conoco, Inc. (In re Peterson Distributing, Inc.), 176 B.R. 584, 590 (Bankr.D.Utah 1995); Govaert v. Anagnos (In re Kendall Meat Imports, Inc.), 176 B.R. 80, 81 (Bankr.S.D.Fla.1994); Biggs v. Biljo, Inc. (In re Goetz), 175 B.R. 743, 746 (Bankr.C.D.Cal.1994).

. See, e.g., In re Lucas Dallas, 185 B.R. at 805-06; In re Art & Co., 179 B.R. at 759-60; Varalli v. PTL Intermodal (In re Metro Shippers, Inc.), 95 B.R. 366, 368 (Bankr.E.D.Pa. 1989); 5 Collier at ¶ 546.02(2)(a)(i) ("[T]he date of the section 341 meeting usually will be the date of appointment of the trustee for purposes of section 546(a) [as amended].”).

. Indeed, when Congress amended § 546(a) in 1994, it added the phrase "or election of the first trustee” after the term "appointment,” and maintained the express reference to § 702, while declining to add a reference to the interim trustee under § 701. See 11 U.S.C. § 546(a) (1997). These amendments indicate that Congress intended that the statute of limitations begin running upon designation of the § 702 trustee. See United States v. Monroe, 943 F.2d 1007, 1016 (9th Cir.1991) (subsequent clarifying amendment "though not controlling, [is] entitled to substantial weight in construing the earlier law”) (citations omitted). The majority's suggestion that use of the "first trustee” language somehow sweeps in § 701, even though that section is never mentioned, stretches the limits of statutory construction.

. See also In re Lucas Dallas, 185 B.R. at 806 n. 5; cf. McPherson v. Blacker, 146 U.S. 1, 27, 13 S.Ct. 3, 36 L.Ed. 869 (1892) (the word " 'appoint' ... is sufficiently comprehensive to cover that mode [election], and was manifestly used as conveying the broadest power of determination”); Wagner v. City of San Angelo, 546 S.W.2d 378, 379 (Tex.Civ.App.1977) ("[T]he word ‘appointment’ ... encompasses] election as well as appointment. As a matter of fact, the term 'appointment' appears to be used in this section as a more comprehensive term, to convey the idea of a mode of constituting or designating the head of the department whether selected by appointment, election, or otherwise.”).