**In re Samuel PELTZ, Debtor.**

**Kenneth Silverman, Esq., As Chapter 7 Trustee of Samuel Peltz, Plaintiff,**

v.

**Samuel Peltz and Faye Peltz, Defendants.**

**Bankruptcy No. 92 B 46996(PCB). Adversary No. 98/9236A.**

United States District Court, S.D. New York.

June 27, 2001.

Richard E. Haftel, Modlin, Haftel & Nathan, LLP, New York City, for Plaintiff.

Mark A. Frankel, Backenroth & Grossman, LLP, New York City, for Defendant Samuel Peltz.

John Westerman, Westerman, Shapiro, Pollack & Draghi, LLP, Garden City, NY, for Defendant Faye Peltz.

WHITMAN KNAPP, Senior District Judge.

This case is currently before the Southern District Bankruptcy Court. Before us is defendants' joint motion for leave to appeal the Bankruptcy Court's April 22, 1999 order denying their motion to dismiss the complaint. For the reasons that follow, defendants' motion is denied.

## BACKGROUND

On December 18, 1992 Samuel Peltz ("Debtor") filed a voluntary petition in the United States Bankruptcy Court for the Southern District of New York pursuant to Chapter 11 of 11 U.S.C. By order dated September 26, 1996, the Bankruptcy Court converted Debtor's Chapter 11 case to a Chapter 7 liquidation proceeding.

By Notice of Appointment dated September 30, 1996, Kenneth P. Silverman, Esq. ("Trustee") was appointed interim Chapter 7 trustee of the estate and has since duly qualified and is permanent trustee in Debtor's Chapter 7 case.

On September 14, 1998, Trustee brought the above captioned complaint against Debtor and his wife, Faye Peltz (collectively, "defendants") seeking, pursuant to 11 U.S.C. §§ 541, 542, 544. 548, 549 and 727 and New York Debtor & Creditor Law §§ 272 *et seq., inter alia,:* (1) the turnover and recovery of property wrongfully converted and retained post-petition by defendants, or alternatively, (2) to set aside and recover fraudulent conveyances of the Debtor's property, and (3) to bar Debtor's discharge.

On November 20, 1998, defendants moved to dismiss the complaint on the grounds that: (1) it is barred by the applicable statute of limitations; and (2) it fails to plead fraud and other claims with the

requisite particularity.[1] Defendants argued that the gravamen of the complaint is fraudulent conveyance, which it claimed is time-barred under Section 546, and that the turnover claims, which are not subject to any statute of limitations, should also be dismissed for this same reason since they are really disguised fraudulent conveyance claims. On March 18, 1999, after hearing oral argument, the Bankruptcy Court denied defendants' motion holding that Trustee had properly pleaded in the alternative its turnover claims and that, while she disagreed with defendants' statute of limitations argument, she did not have to reach that question. In upholding the complaint, the Bankruptcy Court noted that if Trustee prevailed on his turnover claims, his claims to avoid Debtor's fraudulent conveyances would be moot.

## DISCUSSION

Defendants make this motion seeking leave to file an interlocutory appeal from the Bankruptcy Court's order denying its motion to dismiss, claiming all of Trustee's claims, even those for turnover, sound in fraudulent conveyance and thus should be barred under the statute of limitations. They argue that since Trustee was appointed on September 30, 1996, and he did not bring this action until September 14, 1998, six years after Debtor filed for bankruptcy, the two year statute of limitations period for fraudulent conveyance had expired.

While at least one court has held that the appointment of a Chapter 7 trustee, who is the "first trustee" appointed after conversion of a Chapter 11 case, has two years from that appointment date to bring avoidance actions, even when it is more than two years since the filing of a Chapter 11 petition, *In re C & R Beer and Soda, Inc.,* (Bankr.E.D.N.Y.1995) 186 B.R.

173, we need not reach that question. Since the Section 546 limitations issue does not involve a controlling question of law, nor does it materially advance the litigation, certification for an interlocutory appeal is denied.

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal if it finds that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *Connecticut Nat'l Bank v. Germain* (1992) 503 U.S. 249, 253, 112 S.Ct. 1146, 117 L.Ed.2d 391 (Section 1292(b) applies to interlocutory orders of district court sitting as a court of appeals in a bankruptcy proceeding).

The Bankruptcy Court's March 18, 1999 order holds that Trustee has properly pleaded his turnover claims. The Bankruptcy Court stated that if Trustee successfully establishes these claims at trial, the Bankruptcy Court need never reach the alternatively pleaded fraudulent conveyance claims. However, if Trustee does not successfully establish his turnover claims and pursues his claims for fraudulent conveyance, the Bankruptcy Court will then entertain the statute of limitations defense. For these reasons, the question of law defendants seek to have answered now is not controlling.

Furthermore, Trustee's claims for turnover and fraudulent conveyance both pertain to similar facts and require discovery of the same documents and information. As stated by the Bankruptcy Court in denying defendants' motion to dismiss the complaint: (Tr. of Oral Argument on March 18, 1999 at 74)

---

1. Defendants' current motion raises the statute of limitations issue only.

"this matter will have to be tried in the same way whether the fraudulent conveyance counts are in the case or out of the case because the 541 counts allege that the property is the property of the debtor ... I can see little or no facts that would be proved up on the turnover counts that would not be exactly the same facts that would be at issue on the fraudulent conveyance counts."

For these reasons, deciding the Section 546 limitations question at this time would not materially advance the litigation.

## CONCLUSION

In denying defendants' motion to dismiss the complaint, the Bankruptcy Court clearly stated that defendants' statute of limitations defense could be moot once Trustee presents his case. If at that time such a defense is not moot, the Bankruptcy Court will have to reach the Section 546 limitations question, which will not be decided here.

For the aforementioned reasons, defendants' joint motion for leave to appeal is denied.

**SO ORDERED.**