15-2213(L)
Olson v. UBAE, S.p.A.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY
OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the
21st day of November, two thousand seventeen.

Present:     ROSEMARY S. POOLER,
             ROBERT D. SACK,
             RAYMOND J. LOHIER, JR.,
                   *Circuit Judges*.
_____

JOHN ARNE OLSON, et al.,

                   *Plaintiffs-Appellants-Cross-Appellees*,

            v.                                                      15-2213(L),
                                                                    15-2535(XAP)

 UBAE, S.P.A.,

                   *Defendant-Appellee-Cross-Appellant*,

BANK MARKAZI, AKA CENTRAL BANK OF IRAN,
CLEARSTREAM BANKING, S.A., JPMORGAN CHASE BANK, N.A.,

                   *Defendants-Appellees*,

ISLAMIC REPUBLIC OF IRAN,

                   *Defendant*.[1]

_____

[1] The Clerk of Court is directed to amend the caption as above.

Appearing for Appellants:   Liviu Vogel, Salon Marrow Dyckman Newman & Broudy LLP (James P. Bonner, Patrick L. Rocco, Susan M. Davies, Stone Bonner & Rocco LLP, New York, NY, *on the brief*), New York, NY.

Appearing for Appellee
 UBAE, S.p.A.:   Ugo Colella, Duane Morris LLP (John J. Zefutie, Jr., Riccardo DeBari, *on the brief*), Washington, D.C.

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED AND REMANDED**.

John Olson and others appeal from the June 11, 2015 judgment of the United States District Court for the Southern District of New York (Forrest, *J.*), granting UBAE's motion for attorneys' fees and awarding UBAE $60,793.75 in attorneys' fees, $1,076.25 in expenses, prejudgment interest at the rate of 9% per annum, and postjudgment interest at the current federal rate. UBAE cross-appeals from the same judgment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The parties entered into a settlement agreement whereby plaintiffs agreed to release UBAE from liability "arising out of or related to the Plaintiffs' Direct Claims against UBAE," App'x at 155 ¶ 1, which the agreement defined as

> claims in [*Peterson v. Islamic Republic of Iran*, 2013 WL 1155576 at *5 (S.D.N.Y. Mar. 13, 2013)] for damages against UBAE with regard to certain assets transferred prior to the initiation of the Turnover Action and valued at approximately $250,000,000.00 (the "Transferred Assets"), including, but not limited to, claims for fraudulent conveyance, tortious interference with the collection of a money judgment, and prima facie tort.

App'x at 153. Plaintiffs further agreed that "any future claim against UBAE for the Remaining Assets shall be limited to turnover only" and "waive[d] all other claims against UBAE for any damages regarding the Remaining Assets whether arising in contract, tort, equity, or otherwise." App'x at 155 ¶ 5.

The district court held that the settlement agreement unambiguously barred plaintiffs from bringing their fraudulent conveyance claims, which sought to unwind Bank Markazi's nominal transfer of $1.68 billion in assets to UBAE in early 2008. The court dismissed these claims and awarded UBAE attorneys' fees under a provision of the agreement providing that "[i]f a Party seeks judicial enforcement of this Agreement, then the prevailing Party shall be entitled to reasonable attorneys' fees, costs, and expenses arising out of or related to the enforcement action." App'x at 157 ¶ 23.

2

As indicated in an opinion published in tandem with this decision, we disagree with the district court that the settlement agreement unambiguously barred plaintiffs' fraudulent conveyance claims. In our view, the agreement is ambiguous in two relevant respects.

First, it is not clear from the face of the settlement agreement whether the plaintiffs' fraudulent conveyance claims qualify as claims for "turnover only," App'x at 155 ¶ 5, and are therefore preserved. The agreement does not define "turnover," but insofar as it refers to the Peterson I claims—which included both fraudulent conveyance and turnover claims—as the "Turnover Action," it suggests that the term is meant to encompass both sorts of claims. UBAE argues that under New York law, courts have defined turnover claims as different from fraudulent conveyance claims. *See, e.g.*, *In re Peltz*, 263 B.R. 721, 723 (S.D.N.Y. 2001) ("In upholding the complaint, the Bankruptcy Court noted that if Trustee prevailed on his turnover claims, his claims to avoid Debtor's fraudulent conveyances would be moot."). Other decisions, particularly those dealing with actions under New York C.P.L.R. section 5225,[2] have not equated the terms but instead used "turnover proceedings" to encompass a judgment creditor's fraudulent conveyance claims. *See, e.g.*, *Mitchell v. Lyons Prof'l Servs., Inc.*, 109 F. Supp. 3d 555, 563 (E.D.N.Y. 2015) ("What C.P.L.R. §§ 5225 and 5227 provide, in contrast to a plenary action, is a procedural mechanism for attacking a fraudulent conveyance by a judgment debtor, colloquially known as 'turnover proceedings.'"), *aff'd sub nom. Mitchell v. Garrison Protective Servs., Inc.*, 819 F.3d 636 (2d Cir. 2016). Still other decisions have used the term "turnover order" to describe the remedy sought by a creditor's fraudulent conveyance claims. *See, e.g.*, *LaBarbera v. Audax Constr. Corp.*, 971 F. Supp. 2d 273, 276 (E.D.N.Y. 2013) ("Plaintiffs . . . essentially seek a turnover order to set aside fraudulent conveyances . . . ."). We do not need to determine what New York law says on the subject, but rather what the parties, under the shadow of New York law, meant to agree to. The text of the agreement does not clearly favor one definition over the other, and New York law does not clarify. We therefore conclude that the meaning of the phrase "claim[s] . . . [for] turnover only" is ambiguous. App'x at 155 ¶ 5

Second, it is not clear from the face of the settlement agreement whether the plaintiffs' fraudulent conveyance claims are "related to the Plaintiffs' Direct Claims against UBAE," App'x at 155 ¶ 1, and thus foreclosed. That clause could reasonably be interpreted in at least two ways. On the one hand, the Direct Claims sought to recover $250 million in assets that Bank Markazi had nominally conveyed to UBAE in early 2008, and a claim might be considered "related" only if it seeks to recover those same assets. Plaintiffs' fraudulent conveyance claims would not be foreclosed under this interpretation. On the other hand, the $250 million conveyance that the Direct Claims sought to unwind was part of a larger set of asset transfers from Bank Markazi to UBAE totaling $4.627 billion and a claim might alternatively be characterized as "related" if it seeks to recover any portion of those same transfers. The plaintiffs' fraudulent conveyance claims do just that and would therefore be foreclosed under this alternative construction of the agreement. Because the phrase "related to the Plaintiffs' Direct Claims against UBAE" is susceptible to two competing interpretations, it is ambiguous. *See Law Debenture Trust Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458, 466 (2d Cir. 2010).

---

[2] We note that UBAE's settlement agreement resolved an action brought in part under section 5225. *See Peterson v. Islamic Republic of Iran*, 2013 WL 1155576 at *5 (S.D.N.Y. Mar. 13, 2013), *aff'd*, 758 F.3d 185 (2d Cir. 2014), *aff'd sub nom. Bank Markazi v. Peterson*, 136 S. Ct. 1310 (2016).

3

We have considered the remainder of UBAE's arguments and find them to be without merit. Accordingly, we VACATE the judgment of the district court and REMAND the case for further proceedings. On remand, the district court should permit the parties a reasonable opportunity to submit extrinsic evidence concerning the settlement agreement's meaning. The court should then decide whether such evidence, if submitted, resolves the ambiguities we have identified. *See Law Debenture Trust*, 595 F.3d at 466-67. Finally, in view of this disposition, UBAE's cross-appeal is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk